Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501
(907) 276-4331 / phone
(907) 277-8235 / fax

Attorney for Kimberly Allen


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| KIMBERLY ALLEN, Personal ) <br> Representative of the ESTATE OF TODD ) <br> ALLEN, Individually, on Behalf of the ) <br> ESTATE OF TODD ALLEN, and on ) <br> Behalf of the Minor Child PRESLEY ) <br> GRACE ALLEN, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No.:  3:04-CV-0131-JKS |

**MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Kimberly Allen, by and through counsel Ashburn & Mason, P.C., hereby moves the Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to file the amended complaint attached to this motion.  As further described in the memorandum below, the amended complaint adds one additional claim based on the same factual circumstances alleged in the Administrative Claim and Complaint and thus

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

relates back for statute of limitations purposes under Rule 15(c)(2). Further, this amendment should not prejudice defendant because no new parties are being added, and, in any event, discovery is under way, no further discovery is required for the added claim and a trial date has not been set.

## MEMORANDUM

### A.    Factual and Procedural Background

As described in plaintiff's administrative claim to the Department of Health and Human Services and as set forth in the Complaint[1] this case involves the wrongful death of 36-year old Todd Allen, who is survived by his wife, Kim Allen, and his minor daughter, Presley.

On the morning of April 19, 2003, at 7:10 a.m., Todd Allen presented at the Emergency Department of the Alaska Native Medical Center ("ANMC") with his wife, who was pregnant with their first child, complaining of "ears and head are hurting – up all night." He reported to the triage nurse that he had 10/10 pain and he had been vomiting. He was unable to control the pain with pain medications.[2]

---

[1] The Administrative Claim Form 95 is attached as Exhibit A. The Complaint is attached as Exhibit B.

[2] Mr. Allen had a history of jaw pain as a result of a traumatic jaw fracture which occurred in 1999. After having surgery on his jaw his pain was well controlled with pain medication. As of the time of his presentation at the ANMC in April 2002 he was stable and had no acute pain problems.

MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

The nurse triaged Mr. Allen to the Urgent Care Center where he was seen by a "mid-level" practitioner, an advanced nurse practitioner, as opposed to an emergency room physician. As Mrs. Allen explained to Providence physicians later that day, Mr. Allen "complained of a headache [that] was located in the back of his head and radiated up to the top" and that "he had been complaining of a headache in his right jaw area radiating to the back of his head and then up to the top of his head, along the back side of his head."

The nurse ordered a shot of phenergan and sent Mr. Allen home. At some point, Mr. and Mrs. Allen went back to their hotel room and Mr. Allen went to sleep (they were in the process of moving from Anchorage to Valdez where Mr. Allen was employed in the area of oil spill response). Mrs. Allen called ANMC that afternoon at approximately 3:45 p.m. because her husband had sonorous respirations. ANMC told Mrs. Allen not to worry if he was breathing. A couple of hours later, Mrs. Allen noticed her husband's breathing had changed; she could not rouse him and he spit out some blood. She called 911 and, as she testified at her deposition in this litigation, the 911 dispatcher tried to walk a pregnant Mrs. Allen through CPR, instructing her first to move her husband off the bed to the floor, a hard flat surface. The police, firemen and EMTs arrived and she "was watching everything that they were doing, because they were trying to – you know, they had – they were trying to jump start his heart again." Kim Allen depo at pp. 122, 134. The paramedics transported her husband to Providence Alaska Medical Center via ambulance. A CT of his brain was taken, and he was

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

diagnosed with a subarachnoid hemorrhage.  Mr. Allen had suffered an aneurysm and died soon thereafter on April 20th.

Mrs. Allen, through the law offices of Paula Jacobson, filed an administrative claim with the United States attached as Exhibit A to this Motion and Memorandum and thereafter filed a Complaint on June 14, 2004, attached as Exhibit B.  The United States answered on October 14, 2004.

Undersigned counsel substituted in for Ms. Jacobson who went to work for the Alaska Attorney General's office, on or around October 28, 2004.   Discovery in this matter is ongoing.    The parties exchanged expert witness lists in December 2005 and expert depositions are expected to take place in February 2006.

**B.    Legal Standard**

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  Leave to amend should be freely given in absence of prejudice to the opposing party.[3]  Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth in the original pleading."

---

[3]    *See, e.g.*, *Caswell v. Calderon,* 363 F.3d 832, 837 (9th Cir. 2004); *Safari Club Intern. v. Demientieff,* 227 F.R.D. 300, 302 (D. Alaska 2005).

MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331  •  FAX 907.277.8235

C.    **The Amended Complaint Adds An Additional Claim Based on Facts Previously Alleged.**

Plaintiff seeks to amend the complaint only to add a claim for negligent infliction of emotional distress.  This claim is based on the same set of factual circumstances alleged in the administrative claim and the complaint – namely defendant's negligent care of Todd Allen and plaintiff's having to endure witnessing Mr. Allen go into respiratory arrest (and eventually die) as a result.[4]  Plaintiff's additional claim for negligent infliction of emotional distress is thus another legal theory arising from the factual events described in the administrative claim initially presented to the United States Department of Health and Human Services (DHHS) and in the Complaint attached as Exhibits A and B.

D.    **Plaintiff's Claim for NIED Should Relate Back to the Date of the Original Complaint.**

As described above, plaintiff's claim for negligent infliction of emotional distress arises from the same factual circumstances plead in the original complaint.  Plaintiff's new claim therefore arises "out of the conduct, transaction, or occurrence set forth in the original pleading" as contemplated by Rule 15(c)(2), and thus should relate back to the date of the original complaint.

---

[4]    It is plaintiff's witnessing Mr. Allen's suffering and death that specifically gives rise to plaintiff's claim for negligent infliction of emotional distress. *See, e.g., Tommy's Elbow Room v. Karorkian,* 727 P.2d 1038, 1043 (Alaska 1986).

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331  •  FAX 907.277.8235

**E.    Plaintiff's Additional Claim Meets the Jurisdictional Requirements of the Federal Tort Claims Act.**

Under the Federal Tort Claims Act (FTCA), a claimant must first file an administrative claim before the appropriate federal agency before initiating court proceedings.[5]   Here, plaintiff filed an administrative claim (Exhibit A) before the DHHS, setting forth the same facts and incidents alleged in the complaint (Exhibit B) This administrative claim stated a tort incident that gave rise to the claim and demanded a certain sum of damages.   This administrative claim therefore satisfies the jurisdictional prerequisites for bringing a claim for negligent infliction of emotional distress.

The fact that this administrative claim did not specifically reference the legal theory of negligent infliction of emotional distress is not fatal because the FTCA does not require that an administrative claim state every possible legal theory arising out of the incident giving rise to the claim.[6]   Indeed, as one court noted, the administrative claim contemplated by the FTCA is not the equivalent of a legal cause of action

---

[5]    *See* 28 U.S.C. § 2675(a).

[6]    *See, e.g., Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980) ("The Government would have us also require a claimant to state his legal theory for recovery. This we cannot do.").  *See also Frantz v. United States*, 29 F.3d 222, 224-25 (5th Cir. 1994) (reversing jurisdictional dismissal of informed consent claim because it was not specifically asserted in administrative claim, holding that medical malpractice claim against Veterans Administration provided sufficient facts to reveal possibility of informed consent claim against government).

MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

articulated at trial.[7]  Rather, the statutory purpose behind requiring an administrative claim is fulfilled as long as the claim brings to the government's attention facts sufficient to enable it to thoroughly investigate its potential liability and to conduct settlement negotiations with the claimant.[8]  Plaintiff's administrative claim gave such notice here.  The claim stated a set of facts alleging negligent medical care that led to a wrongful death, including the circumstances surrounding the death, such as plaintiff's witnessing her husband's condition prior to his death, thus alerting the government of facts sufficient to allow an investigation into its liability.

### F.    Allowing Plaintiff's Additional Claim Will Not Prejudice Defendant

Plaintiff's additional claim relies on the facts alleged in the administrative claim and plead in the original complaint, and as further developed over the course of discovery. Plaintiff's additional claim is simply another legal theory of recovery based on the same alleged instance of negligent medical care both parties have been investigating and developing through discovery.   Indeed, the U.S. has already questioned Mrs. Allen at her deposition about the circumstances surrounding her

---

[7]      *See Nelson v. United States*, 541 F.Supp. 816, 818 (M.D.N.C. 1982).  S*ee also*, *Simpson v. United States*, 484 F.Supp. 387, 396 (W.D. Pa. 1980) (noting it is unnecessary to impart strict common-law pleading requirements to FTCA administrative claims).

[8]      *See Rise v. United States*, 630 F.2d 1068, 1071 (5tt Cir. 1980).  *See also*, *Simpson*, 484 F.Supp. at 396 (administrative claim filed with Navy to recover damages resulting from alleged wrongful death of claimant's decedent in automobile accident jurisdictionally sufficient for *both* wrongful death and survival claims, where claim provided government with fair notice, and chance to investigate and make a settlement).

MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

husband's death, her emotional state, and the fact that she sought some treatment from her health care provider for anxiety.  Further, the United States has obtained Mrs. Allen's relevant medical records.

Accordingly, defendants cannot claim prejudice because no new discovery is necessary and because defendant has ample time to address plaintiff's additional theory of recovery before trial.  Discovery is ongoing and a trial date has not been set.

### G.    Conclusion

For the reasons stated above, plaintiff respectfully requests leave to amend the complaint in this action.

DATED this 20th day of January, 2006.

ASHBURN & MASON, P.C.
Attorneys for Plaintiff

/s/   Donna J. McCready
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Fax: (907) 277-8235
E-mail: djm@anchorlaw.com
Alaska Bar No. 9101003

**CERTIFICATE OF SERVICE**

I hereby certify that on 20th January, 2006, a copy of the foregoing Motion and Memorandum for Leave to File Amended Complaint was served electronically on:

Gary Guarino
U.S. Attorney's Office
222 West 7th Avenue, #9 – Room 253
Anchorage, AK  99513

 /s/ Donna J. McCready

P:\Clients\10194\Pleadings\Filings\Plaintiff\Mo_ Amend_Complaint.doc

MOTION AND MEMORANDUM FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS