| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Dept. of Health & Human Services<br>Public Health Claims Branch<br>Parklawn Building, Room 5C-10<br>5600 Fisher's Lane<br>Rockville, MD   20857 | Kimberly Allen, Personal Rep. of the Estate of Todd Allen, Individually & on behalf of minor child, Presley Grace Alle & on behalf of the Estate of Todd Allen |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>03/30/67 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>04/19/03 Date of Death | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

> This is a claim for medical negligence that occurred at the Alaska Native Medical Center located in Anchorage, Alaska. The negligence resulted in the death of Todd Allen. This claim is brought pursuant to AS 09.55.570 (Alaska Survival Act) and AS 09.55.580 (Alaska Wrongful Death Act).
>
> See attachment for additional details.

**9.**                           **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

> Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

> Not applicable.

**10.**                        **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

> All categories of damages permissible under AS 09.55.570.
> All categories of damages permissible under AS 09.55.580.

**11.**                        **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Family and any other witnesses named in the medical records. | |

12. (See instructions on reverse)        **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $ 250,000.00 | $ 5,000,000.00 | $ 5,250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See Instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* Kimberly A Allen | (907) 223-8728 | 11/07/03 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

### Complete all Items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

Not applicable.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not applicable. | |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not applicable

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* ☐ No

Not applicable.

## ATTACHMENT

Kimberly Allen
Personal Representative of the Estate of Todd A. Allen
P.O. Box 111934
Anchorage, Alaska 99507

Department of Health and Human Services
Program Support Center
Division of Acquisition Management, AOS
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, MD  20857

> Re:     *Estate of Todd A. Allen*
>             Date of Birth:          March 30, 1967
>             Date of Death:        April 20, 2003

To Whom It May Concern:

The facts of this claim are as follows: decedent Todd Allen had a history of jaw pain as a result of a traumatic jaw fracture, which occurred in 1999. After having surgery on his jaw (a titanium jaw implant) his pain was well controlled with pain medication, which he took on a chronic basis. As of 2002, he was stable and had no acute pain problems.

On the evening of April 18, 2003, Mr. Allen began complaining of a severe headache, which did not respond to his regular pain medications. April 19, 2003, Mr. Allen woke his wife up and stated that he his headache was even worse, that he had been vomiting throughout the night, and that he needed to go to the ER immediately. Mrs. Allen drove her husband to the ER at the Alaska Native Medical Center (ANMC). When Mr. Allen arrived at the ER, he told the admitting personnel that his head was hurting badly and that it had kept him up all night. He also stated that he had been vomiting throughout the night. He stated that the pain was extremely severe and began at the base of his neck and went around his head. He also stated that the pain was different than the pain he experienced as a result of his jaw problem. In addition, he stated that the pain was not relieved by his usual pain medications.

The ER physician noted Mr. Allen's history of jaw fracture and chronic pain. The physician attributed Mr. Allen's complaints to his chronic pain and to nausea. Medication for nausea was administered and Mr. Allen was discharged.

Later that day, Mr. Allen, who was still complaining of a severe headache, decided to take a nap. His wife noted that he was snoring loudly, something that was unusual for him. She tried to wake him up and was unable to do so.  She called the ANMC ER and reported the problem to the individual on who answered the telephone (believed to be a nurse). The individual was not concerned, and, according to Mrs. Allen stated that it was "OK" as long as her husband was "breathing".

Very soon afterwards, Mrs. Allen noted that her husband's nose was dripping blood. She called 911, and paramedics transported Mr. Allen to Providence Hospital. Upon his arrival, a CAT scan was performed, which showed a cerebral aneurysm. Mr. Allen died later that day.

## ATTACHMENT

Mrs. Allen will be represented by:

>Paula M. Jacobson
>Law Office of Paula M. Jacobson
>733 West 4th Avenue, Suite 401
>Anchorage, Alaska  99501
>907-278-2400
>E-mail:   paulaj@alaska.com

Please direct any and all future correspondence to Paula Jacobson.

Dated: 11/26/3

By: _Kimberly Allen Pers Rep of the Estate of Todd Allen_
Kimberly Allen, Personal Representative of the
Estate of Todd Allen

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In the Matter of the Estate

of

TODD A. ALLEN

Deceased.

Case No. 3AN-03- 700 PR

## LETTERS OF ADMINISTRATION

The Statement of Informal Appointment of Personal Representative having

been signed by the Registrar, Kimberly Ann Allen is appointed personal representative of

the estate.

DATED at Anchorage, Alaska, this _28_ day of _May_,

2003.

_____
Registrar

HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
ATTORNEYS AT LAW
550 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 274-7522
FACSIMILE: (907) 263-8320

STATE OF ALASKA )
THIRD JUDICIAL DISTRICT ) ss
I, the undersigned, certify that this is a true and full copy of an
original document on file in the Trial Courts, Third Judicial District,
State of Alaska.
Witness my hand and the seal of this court this _28_ day
of _May_ 20__, at Anchorage, Alaska.
By:_____
Deputy

I CERTIFY THAT ON _5/28/03_
COPIES OF THIS DOCUMENT SENT
TO _Breues_
CLERK

*LETTERS OF ADMINISTRATION*
*In the Matter of the Estate of Todd A. Allen*
*(8500-1/189416)*                    Page 1