DEBORAH M. SMITH
Acting United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
gary.guarino@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on Behalf of the Estate of TODD ALLEN, and On Behalf of the Minor Child, PRESLEY GRACE ALLEN<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:04-cv-0131-JKS<br><br>**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff Kimberly Allen has filed an untimely motion to amend Plaintiff's

Complaint to assert a new claim for relief for negligent infliction of emotional distress.

The motion was filed long after the Court's scheduled date for filing amended pleadings

and after the parties had filed final witness lists and exchanged expert witness reports.

The United States submits the following opposition and requests that the Court deny Plaintiff's motion to amend.

**Statement Of The Facts**

Plaintiff's motion sets out a selective, one-sided, and argumentative version of the "facts" in this case. A number of the significant factual assertions in Plaintiff's motion are disputed by the United States and are contradicted by the medical records and witness deposition testimony. For example, Plaintiff alleges that when Mr. Allen presented at the Alaska Native Medical Center (ANMC) on April 19, 2003, he complained of "a headache" that was located in the back or side of his head and that radiated to the top of his head.[1]  However, Donna Fearey, the advanced nurse practitioner who examined and talked to Mr. Allen when he presented at the ANMC, reported that his chief complaint was ear and jaw pain ("cc: ear/jaw pain").[2]  ANP Fearey testified that Mr. Allen was complaining about pain in his right ear, that he wanted to know if he had an ear infection, and that he did not appear to be in any distress.[3]

Similarly, Plaintiff claims that when Mr. Allen presented at the ANMC in April 2003, he was stable and had no ongoing acute pain problems.[4]  However, Mr. Allen was a

---

[1]  Plaintiff's Memorandum, p. 3.

[2]  ANMC Emergency Visit Record, Exhibit A attached.

[3]  Donna Fearey Deposition p. 58, Exhibit B attached.

[4]  Plaintiff's Memorandum, p. 2, n. 2.

ALLEN v. US
Case No. 3:04-cv-0131-JKS                2

long term chronic pain patient at ANMC and in January 2003 he filled out a chronic pain

patient assessment form that documented his persistent pain problems. He indicated that

he had frequent pain flare ups (estimated 16 in the prior month), that his pain averaged 6

out of 10, with his worst pain being 10 out of 10, and that his pain was "Sharp,"

"Throbbing," "Shooting," and "Unbearable."[5]

For purposes of this motion, the Court need not resolve the underlying factual

disputes regarding Plaintiff's claims. Thus, in the interests of brevity, the United States

will not address all of the issues that are raised by the factual statements in Plaintiff's

motion. The relevant procedural facts for the United States' opposition will be addressed

in conjunction with the legal arguments set out below in this memorandum. However, the

United States wants to make it clear that it denies and disputes many of Plaintiff's factual

allegations.

**Argument**

## 1. Plaintiff Has Failed To Establish Good Cause For Her Untimely Motion To Amend The Complaint

The Court's Scheduling and Planning Order provided that any motions to amend

the pleadings had to be filed no later than May 1, 2005, which was 90 days before the

initially scheduled close of discovery on July 30, 2005. [Docket 15] Thereafter, the

pleadings could be amended only upon leave of court and for good cause shown. On

---

[5] Exhibit C, p. 2, attached.

January 20, 2006, Plaintiff belatedly filed a Motion For Leave To File Amended
Complaint seeking to assert a new claim for relief on behalf of Plaintiff Kimberly Allen.
Plaintiff has failed to establish any good cause to justify her long delay and belated
attempt to file an amended complaint.

The underlying events alleged by Plaintiff in this action occurred on April 19,
2003. Plaintiff filed an administrative claim with the Department of Health and Human
Services in November 2003.[6] The administrative claim asserted claims and sought
damages for Mr. Allen's pre-death injuries, under AS 09.55.570 (Survival Action), and
for wrongful death, under AS 09.55.580. No claim or damages were asserted by
Kimberly Allen for negligent infliction of emotional distress (NIED).

Plaintiff's Complaint was filed on June 15, 2004 and asserted a Survival Action
(AS 09.55.570) for Mr. Allen's pre-death injuries and a Wrongful Death Action for the
damages allowed under AS 09.55.580. [Docket 1] Again, no claim or damages were
alleged by or on behalf of Kimberly Allen for any claim of NIED.

After the Court entered its pretrial Scheduling and Planning Order, the parties
conducted substantial discovery, including document production and depositions. On
April 12, 2005, Defendant conducted the deposition of Kimberly Allen.[7] At no time
before the deposition did Plaintiff provide notice that Plaintiff intended to file an

_____

[6] Exhibit A to Plaintiff's Motion to File Amended Complaint.

[7] Exhibit D, attached.

ALLEN v. US
Case No. 3:04-cv-0131-JKS                     4

amended complaint to assert an NIED claim. Absent the filing of any NIED claim, the deposition of Kimberly Allen focused on the claims pending at that time, the claims for wrongful death and for Mr. Allen's pre-death injuries.

In December 2005, the parties filed their final witness lists and they exchanged reports from the respective medical experts. [Docket 15, 16] As of that late stage in pretrial discovery, Plaintiff had not asserted any NIED claim.

Plaintiff's motion to amend was not filed until January 20, 2006. All of the allegations and facts underlying Plaintiff's proposed NIED claim were known to Plaintiff on April 19, 2003, the date of Mr. Allen's death. The alleged factual and legal bases for Plaintiff's NIED claim were known or available to Plaintiff and Plaintiff's counsel at the time of her administrative claim (November 2003), when her Complaint was filed (June 2004), and during the subsequent months of discovery. Plaintiff's motion does not identify any newly discovered facts or evidence or other circumstances that justify the long delay and untimely motion to assert an NIED claim.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice requires. However, absent any explanation or showing of "good cause," Plaintiff's untimely motion to amend at this late stage of the litigation should be denied.

//

//

## 2.  Plaintiff Failed To File An NIED Claim As Part Of The Administrative Claim In This Action

The Federal Tort Claims Act (FTCA) sets out the terms, conditions, and jurisdictional prerequisites for bringing a tort action against the United States. 28 U.S.C. §§ 1346 & 2671 et seq. In order to bring a tort action against the United States, a plaintiff must first file a claim with the appropriate administrative agency. 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106, 110-11, 113 S. Ct. 1980 (1993). The filing of the administrative claim is a jurisdictional prerequisite. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). One of the purposes of the administrative claim requirement is to ensure that the relevant government agency has prompt notice of the claimed injury so that the government can investigate and respond either by settlement or defense. Broudy v. United States, 722 F. 2d 566, 568 (9th Cir. 1983); Rooney v. United States, 634 F.2d 1238, 1242 (9th Cir. 1980).

In this case, the administrative claim filed by Plaintiff did not provide notice that Plaintiff was asserting a claim and damages for NIED on behalf of Kimberly Allen. Plaintiff's administrative claim and subsequent Complaint asserted claims and sought damages for Mr. Allen's pre-death injuries (a Survival Action under AS 09.55.570) and damages for Mr. Allen's death on behalf of the statutory beneficiaries under AS 09.55.580. The administrative claim did not indicate or assert that Kimberly Allen was claiming injury or seeking to recover damages for an NIED claim. See, Estate of Sullivan

v. United States, 777 F.Supp. 695, 701 (N.D. Ind. 1991) (administrative claim for

spouses's wrongful death did not provide notice of subsequent claim for negligent

infliction of emotional distress).

Thus, Plaintiff's belated attempt to assert a claim and seek damages for NIED

should be denied.

### 3. The United States Has Been Denied The Opportunity To Conduct Discovery As To Plaintiff's Newly Asserted NIED Claim

Plaintiff argues that there will be no prejudice to the Defendant because no new

discovery is needed for Plaintiff's proposed NIED claim. However, most of the discovery

efforts to date, including the deposition of Kimberly Allen and expert witness reports,

were conducted well prior to the filing of Plaintiff's motion to amend. Since Plaintiff had

not asserted any NIED claim at the time of Kimberly Allen's deposition, counsel for the

United States had no reason to question her regarding this claim. The medical records for

Kimberly Allen were not produced until after her deposition. Again, since Plaintiff had

not asserted any NIED claim at that time, the United States had no reason to pursue

further depositions or discovery as to the medical records or any factual issues for an

NIED claim.

Therefore, if the Court decides to grant Plaintiff's motion to amend and to allow

the assertion of an NIED claim, the United States should be granted an opportunity to

conduct additional discovery as to this claim, including but not limited to the deposition

of Kimberly Allen.  Depending on the nature of the proposed NIED claim and alleged

damages, additional discovery may be necessary.

<div style="margin-left: 40%;">

DEBORAH M. SMITH
Acting United States Attorney

s/Gary M. Guarino
GARY M. GUARINO
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT was
served electronically on Donna McCready.

s/ Gary M. Guarino

ALLEN v. US
Case No. 3:04-cv-0131-JKS                    8