Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501
(907) 276-4331 / phone
(907) 277-8235 / fax

Attorney for Kimberly Allen


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the ESTATE OF TODD ALLEN, Individually, on Behalf of the ESTATE OF TODD ALLEN, and on Behalf of the Minor Child PRESLEY GRACE ALLEN, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) Case No.:  3:04-CV-0131-JKS ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**


**I. INTRODUCTION**

Plaintiff moved to amend her complaint to add a claim for Negligent Infliction of

Emotional Distress ("NIED") because this is a viable claim arising out of the *same facts*

alleged in the original complaint, and because adding this claim now, where discovery

is ongoing and no trial date is set, would not prejudice defendant.  Leave to amend

should be freely given in the absence of prejudice to the opposing party. Defendant's opposition focuses on the timing of plaintiff's motion but does not explain how the timing prejudices defendant. The government's only argument suggesting prejudice is that it has not had the opportunity to take discovery relevant to plaintiff's NIED claim. However, the government has conducted discovery relevant to plaintiff's NIED claim, including asking Mrs. Allen extensive questions at her deposition regarding her observations of her husband going into respiratory arrest, questions about her emotional state, and obtaining Mrs. Allen's medical records pertaining to her treatment for anxiety and insomnia. Because the government cannot demonstrate prejudice, Mrs. Allen should be allowed to amend her complaint to include an NIED claim.

Defendant's argument that plaintiff did not preserve an NIED claim in her administrative filing has no merit. The government fails to recognize or address that that administrative filings under the Federal Tort Claims Act (FTCA) need not state every possible cause of action arising from the facts asserted.

In short, plaintiff has a viable claim for NIED arising out of the same facts the parties have been addressing through the entire course of this litigation. In the absence of prejudice to defendant, plaintiff should not be precluded from pursuing her valid cause of action for NIED.

## II. <u>ARGUMENT</u>

### A.    <u>Leave to Amend Should Be Granted Absent Prejudice to Defendant</u>

Defendant's opposition focuses on the timing of plaintiff's motion – particularly that it was filed after the date set in the pre-trial order for amended pleadings.  But this fact, standing alone, is insufficient reason to deny plaintiff's motion.

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."[1]  Leave to amend should be freely given in the absence of prejudice to the opposing party.[2]

Here, the plaintiff has shown good cause for amending her complaint because her claim for NIED is a viable legal claim based on the same universe of facts that has been the subject of this litigation since its inception.[3]  In light of these circumstances, defendant must show that it would suffer prejudice if plaintiff were allowed to add this viable claim at this time.

---

[1]    *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires."  This policy is to be applied with extreme liberality."  Citations omitted.)

[2]    *See, e.g.*, *Eminence Capital, LLC*, 316 F.3d at 1052 (of the factors to be considered in determining whether or not plaintiff will be allowed to amend their complaint, "prejudice to the opposing party… carries the greatest weight.")

[3]    The government is not suggesting that Mrs. Allen's claim for NIED is futile or that the purpose of making the claim is somehow in bad faith or for the purpose of delay.

<u>Plaintiff's Reply to Defendant's Opposition to Motion for Leave to File Amended Complaint</u>
*Allen v. USA,* Case No. 3:04-CV-0131-JKS                                                    Page 3 of 7

Ashburn & Mason p.c.
Lawyers
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501-5914
Tel 907.276.4331  •  Fax 907.277.8235

### B.    Allowing Plaintiff's Additional Claim Will Not Prejudice Defendant

The government's only suggestion that it would be prejudiced if plaintiff is allowed to add her NIED claim is that it has not had the opportunity to pursue discovery related to plaintiff's NIED claim.  *See* Opp. at 7-8.  However, as plaintiff explained in her Motion to Amend, her additional claim for NIED is simply another legal theory of recovery based on the same alleged instance of negligent medical care both parties have been investigating and developing through discovery.  Allowing plaintiff to add her NIED claim would not open any significant factual issues that have not already been addressed during discovery.  Indeed, the only specific discovery defendant is able to identify it may need is to ask plaintiff questions regarding her NIED claim at another deposition.  In fact, defendant has already questioned Mrs. Allen extensively at her deposition about the circumstances surrounding her inability to wake her husband hours after he had been discharged from the ANMC emergency department and her observation of blood coming out of his mouth and her attempts to give him CPR.[4]  The government asked numerous questions of Mrs. Allen about her emotional state, and the fact that she sought some treatment from her health care provider for anxiety and inability to sleep.[5]  The government has also obtained Mrs. Allen's medical records

---

[4]    *See* Kimberly Allen Depo. at 86-150, attached as Exhibit C.

[5]    *See Id.* at 150-157.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS                                        Page 4 of 7

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

relating to her treatment for anxiety and insomnia.[6]    Thus, defendant has not demonstrated that further discovery is necessary.

Nonetheless, if the Court determines that defendant would be prejudiced if it was not allowed to pursue discovery on plaintiff's NIED claim, this issue is easily remedied. Discovery is still ongoing and plaintiff would not object to answering additional deposition questions limited to her NIED claim.  Thus, defendant's argument regarding discovery is not an obstacle to allowing plaintiff to add her claim for NIED.

### C.    Plaintiff's NIED Claim Meets the Jurisdictional Requirements of the Federal Tort Claims Act

Defendant argues that plaintiff's NIED claim is not viable because plaintiff's administrative filing did not contain the specific term "negligent infliction of emotion distress." *See* Opp. at 6-7.  Defendant fails to address the law cited by plaintiff in her motion stating that the FTCA does not require that an administrative claim state every possible legal theory arising out of the incident giving rise to the claims.[7]  As plaintiff explained in her Motion to Amend, the statutory purpose behind requiring an administrative claim is fulfilled as long as the claim brings to the government's

---

[6]    Please see Plaintiff's Third Supplemental Disclosures attached as Exhibit D.

[7]    *See, e.g., Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980) ("The Government would have us also require a claimant to state his legal theory for recovery. This we cannot do.")  *See also Frantz v. United States*, 29 F.3d 222, 224-25 (5th Cir. 1994) (reversing jurisdictional dismissal of informed consent claim because it was not specifically asserted in administrative claim, holding that medical malpractice claim against Veterans Administration provided sufficient facts to reveal possibility of informed consent claim against government).

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

attention facts sufficient to enable it to thoroughly investigate its potential liability and to conduct settlement negotiations with the claimant.[8]  *See* Motion to Amend at 7. Defendant does not claim that plaintiff's administrative filing did not give the government sufficient notice of the facts giving rise to its potential liability in this action.  Nor could it.  Plaintiff's administrative claim stated all the relevant facts giving rise to all of plaintiff's causes of action, including an action for NIED.  Defendant's argument is simply an attempt to impart a pleading standard FTCA administrative claims process that does not exist.[9]

### III.  CONCLUSION

For the reasons stated above, plaintiff's request for leave to amend the complaint in this action should be granted.

//

//

//

---

[8]    *See Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) (plaintiff's administrative claim alleging that decedent was "immediately transferred to South Fulton Hospital after a spinal tap was sufficient to allow prosecution of the case under theory that referral to hospital was negligent).  *See also*, *Simpson v. United States*, 484 F.Supp. 387, 396 (W.D. Pa. 1980) (administrative claim filed with Navy to recover damages resulting from alleged wrongful death of claimant's decedent in automobile accident jurisdictionally sufficient for *both* wrongful death and survival claims, where claim provided government with fair notice, and chance to investigate and make a settlement).

[9]    *See e.g*, *Simpson*, 484 F.Supp. at 396 (noting it is unnecessary to impart strict common-law pleading requirements to FTCA administrative claims).

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DATED this 7th day of March, 2006.

ASHBURN & MASON, P.C.
Attorneys for Plaintiff

/s/   Donna J. McCready
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Fax: (907) 277-8235
E-mail: djm@anchorlaw.com
Alaska Bar No. 9101003

**CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of March, 2006, a copy of the foregoing Plaintiff's Reply to Defendant's Motion for Leave to File Amended Complaint was served electronically on:

Gary Guarino
U.S. Attorney's Office
222 West 7th Avenue, #9 – Room 253
Anchorage, AK  99513

/s/ Donna J. McCready

P:\Clients\10194\Pleadings\Motion to Amend NIED REPLY.doc

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
*Allen v. USA,* Case No. 3:04-CV-0131-JKS                                    Page 7 of 7