DEBORAH M. SMITH
Acting United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on Behalf of the Estate of TODD ALLEN, and On Behalf of the Minor Child, PRESLEY GRACE ALLEN<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:04-cv-0131-JKS<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant United States of America, through counsel, answers Plaintiff's Amended Complaint as follows:

1. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 1, accordingly they are denied.

2. Upon information and belief Defendant admits that Todd Allen died in Anchorage, Alaska on or about April 19, 2003 but the Certificate of Death produced by Plaintiff lists April 20, 2003 as the date of death.

3. Upon information and belief, Defendant admits the allegations in Paragraph 3.

4. Upon information and belief, Defendant admits the allegations in Paragraph 4.

5. Upon information and belief, Defendant admits that Plaintiff has filed this action pursuant to the Federal Tort Claims Act.

6. Defendant admits that the Alaska Native Medical Center (ANMC) is operated, in part, pursuant to a compact agreement with the United States Indian Health Service (IHS) under Title I of the Indian Self-Determination Act, Pub. L. 93-638, 88 Stat. 2206 (1975). The remaining allegations are denied.

7. Defendant lacks sufficient knowledge to admit or deny the allegations regarding the identity and status of the unnamed individuals that may be referred to in Plaintiff's Complaint as alleged employees/agents of ANMC in Paragraphs 7, 8, 12, and 14, accordingly the allegations are denied. Defendant generally admits that ANMC medical personnel who provide medical care to patients at ANMC, such as Todd Allen, would be acting within the scope of their employment.

8. See response to Paragraph 7 above.

9. Defendant admits that Plaintiff presented a claim to the United States Department of Health and Human Services more than six months ago and that there was no final disposition of the claim within six months.

10. The allegations in Paragraph 10 set out conclusions of law and jurisdiction to which no factual response is required. To the extent that a response is required, Defendant admits that tort claims involving medical personnel acting within the scope of their employment with ANMC while providing medical care to patients pursuant to ANMC's compact agreement with

the IHS would be within the FTCA and subject to this Court's jurisdiction. See also response to Paragraph 7.

11. The allegations in Paragraph 11 are admitted.

12. The allegations in Paragraph 12 are denied either directly or due to lack of sufficient knowledge. The medical record indicates that Todd Allen complained of ear and jaw pain and nausea.

13. The allegations in Paragraph 13 are admitted.

14. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 14, accordingly they are denied.

15. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 14, accordingly they are denied.

16. Upon information and belief, Defendant admits that the records indicate that the Anchorage Fire Department (AFD) responded to a call for Todd Allen, that the AFD paramedic personnel provided some medical care, and they transported him to Providence Alaska Medical Center. The remaining allegations are denied due to lack of sufficient knowledge.

17. Upon information and belief, Defendant admits that the medical records indicate that a CT scan of Todd Allen's head taken at Providence Alaska Medical Center was read as showing a subarachnoid hemorrhage with diffuse cerebral edema. Defendant admits that Mr. Allen died on or about April 19, 2003.

18. Defendant incorporates its responses to Paragraphs 1 to 17 above.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. Defendant incorporates its responses to Paragraphs 1 to 20 above.

22. The allegations in Paragraph 22 are denied either directly or due to lack of sufficient knowledge.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 set out a legal conclusion that does not require a response. To the extent a response is required, Defendant admits that Plaintiff's Amended Complaint includes a First Cause of Action allegedly brought under AS 09.55.570.

25. Defendant incorporates its responses to Paragraphs 1 to 24 above.

26. The allegations in Paragraph 26 set out a legal conclusion that does not require a response. To the extent a response is required, Defendant admits that Plaintiff's Amended Complaint includes a Second Cause of Action allegedly brought under AS 09.55.580.

27. Defendant incorporates its responses to Paragraphs 1 to 26 above.

28. The allegations in Paragraph 28 are denied either directly or due to lack of sufficient knowledge.

29. The allegations in Paragraph 28 are denied either directly or due to lack of sufficient knowledge.

### DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's recovery, if any, is subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900, to the extent that these provisions are not inconsistent with the Federal Tort Claims Act.

3.  To the extent Plaintiff's Amended Complaint raises injury or damages claims or tort claims of negligence that were not timely raised in the administrative claim, the Amended Complaint is barred under 28 U.S.C. § 2675.

4.  To the extent allowed under federal and Alaska law, including AS 09.55.548, the United States is entitled to a credit or offset for any benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

5.  Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to recovery of prejudgment interest on any damages award.

6.  Plaintiff may not seek or recover punitive damages against the United States under 28 U.S.C. § 2674.

7.  Attorney fees are only recoverable as part of a judgment and not in addition thereto, 28 U.S.C. § 2678.

8.  To the extent that any injuries and/or damages alleged in the complaint were not caused by a negligent act or omission of an employee of the United States, or an employee of a contractor of the United States under the provisions of Public Law 93-638, acting within the scope of their employment, Plaintiff is not entitled to recovery from the United States.

9.  Defendant asserts that it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, Defendant generally denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Amended Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

Respectfully submitted this 27th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Gary M. Guarino
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2006, a copy of the foregoing ANSWER TO AMENDED COMPLAINT was served electronically on Donna McCready.

s/ Gary M. Guarino

Allen, et al, v. USA
Case No. 3:04-cv-0131-JKS                      6