IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the ESTATE OF TODD ALLEN, Individually, on Behalf of the ESTATE OF TODD ALLEN, and on Behalf of the Minor Child PRESLEY GRACE ALLEN,<br><br>      Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 3:04-CV-00131-JKS<br><br>ORDER SETTING A DATE FOR A FINAL PRETRIAL CONFERENCE AND DEADLINES FOR PRETRIAL DOCUMENTS |

## I.  CASE STATUS

All dispositive motions have been ruled upon.  On October 4, 2006, this Court entered an order requesting certification of readiness for trial.  *See* Docket No. 36.  **Plaintiff(s) filed a joint** certification of readiness for trial on November 30, 2006.  *See* Docket No. 50.  The Court set this case for trial by **jury** on **Monday, June 25, 2007, at 9:00 a.m., United States Courthouse, Anchorage, Alaska**.  To facilitate the trial process, a **Final Pretrial Conference** is set for **Monday, June 11, 2007, at 10:00 a.m., in Courtroom No. 4, United States Courthouse, Anchorage, Alaska**.  If a party would like to participate in the Final Pretrial Conference telephonically, that party must notify the Court's Case Management Clerk, Robin Carter, at 677-6127, at least twenty-four hours prior to the conference.  *See* D. Ak. LR 7.2.

## II.  PRETRIAL PROCEDURES

A Final Pretrial Conference, pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, is intended to provide a meaningful and efficient forum for the resolution of pretrial conflicts, discourage wasteful trial practices, and thereby improve the quality of the trial.  The conference is designed to accomplish the following:  limit and define the issues for trial; determine an agreed-upon statement of facts; resolve objections and other matters relative to witnesses and exhibits; and dispose of any final motions.  In furtherance of these goals, the Court has developed a schedule for the submission of certain documents prior to the Final Pretrial Conference.

First, the parties are required to file the following documents:  (1) trial briefs; (2) final list of witnesses who will testify at trial; (3) final exhibit lists; (4) the Judge's Copy of trial exhibits (lodged with the Clerk of Court); (5) proposed jury instructions; (6) proposed voir dire questions; and (7) proposed special verdict questions (collectively "Pretrial Documents").  The deadline for submission of the **Pretrial Documents** is **Monday, April 30, 2007**.  The parties are next required to meet and discuss the submitted Pretrial Documents and complete a comprehensive Proposed Pretrial Order that shall be filed jointly and will provide the agenda for the Final Pretrial Conference.  The deadline for filing the comprehensive **Proposed Pretrial Order** is **Thursday, May 24, 2007**.  Finally, a Final Pretrial Conference will be held to discuss any remaining issues that need to be resolved prior to trial.  Following the conclusion of the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will supersede the pleadings, determine the issues to be submitted at trial, and govern all further proceedings.  The parties must follow the guidelines discussed below in preparing the documents discussed above.

A.     *Exhibits*

The parties must file a list of exhibits and lodge with the Clerk of Court the Judge's Copy of the exhibits. The Judge's Copy of trial exhibits is to be hole-punched, tabbed, and placed in binders. To meet the deadline for lodging the Judge's Copy, the parties must arrange for an exhibit review with the Clerk of Court at least three days in advance of the deadline. *See* D. Ak. LR 39.3. All depositions that are to be used for any purpose at trial shall be lodged with the Clerk of Court at the time and in the manner specified for the exhibit review. Any depositions offered at that time will be ordered published as a matter of course. If the parties do not agree to the admittance of a deposition at that time, the parties will mark the deposition "i.d." for "identified" instead of "adm." for "admitted." *See id.* The parties must debate all objections to exhibits in the trial briefs as described below.

For clarity and ease of identification, exhibits shall be identified as follows: All exhibits to be offered at trial must be sequentially numbered—1, 2, 3, etc., not A, B, C, . . . AA, BB, CC, etc. Plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2, etc. Likewise, Defendant's exhibits shall be preceded by a "D"—D1, D2, etc. Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits. The parties should simply agree as to which side shall include the exhibit in its set, and reference the exhibits accordingly.

B.     *Trial Briefs*

Trial briefs shall contain a summary of the party's position. The briefs shall contain all authorities upon which the party relies in support of its position on each contested issue of law. In addition, the briefs shall disclose and address those theories of the case that the party will present at

trial, and those claims and defenses that the party, after carefully reviewing the pleadings, discovery, and prior motion practice, expects its opponent to present at trial.

All objections to exhibits must also be supported in the trial briefs. Each party offering an exhibit to which an objection has been offered shall respond to the objection and show why the objection should be denied and the exhibit admitted. Where the exhibit is being offered for a limited purpose, that fact should be made clear so that the parties may consider eliminating the exhibit by stipulation to one or more facts. In order to effectively debate the admissibility of exhibits in the trial briefs, the parties should first discuss each exhibit and reach an agreement as to the specific purpose or purposes for which each exhibit is being offered, and what the foundation is, if any, for its admission. Each party may file a supplemental trial brief responding to the objections raised in the trial briefs. This **first supplemental trial brief**, if offered, shall be filed no later than **Friday, May 11, 2007**.

C.   *Jury Instructions*

The parties shall file a complete set of jury instructions addressing all issues they wish to present to the jury. The submitted instructions shall be taken from the Ninth Circuit Pattern Jury Instructions, except that when the law of Alaska provides the rule of decision for certain issues, instructions regarding substantive law shall be taken from the Alaska Bar Association's Alaska Pattern Jury Instructions. Attached to this order are the Court's standard preliminary and final jury instructions. The parties should alert the Court to any standard instruction they believe is inappropriate for this case and explain why the instruction is inappropriate. The parties should also propose instructions pertaining to the specific elements of each claim presented. The instructions pertaining to the specific claims presented will be inserted after the Court's first instruction. If the

proposed instruction is either an Alaska Pattern Instruction or Ninth Circuit Pattern Instruction, the parties need not re-type the instruction, but may merely list the proposed instructions by number, *e.g.*, Ninth Circuit Pattern Instruction 1.01 – Duty of Jury; or Alaska Pattern Civil Jury Instruction 1.11 – Questions by Jurors.

Also attached is a draft of the Court's standard voir dire jury questionnaire and general questions for the panel. The parties should review these questions and propose any additional questions they deem appropriate. The parties should keep in mind that the purpose of voir dire is not to try one's case pretrial, but to determine which jurors, if any, should be excused because they have, or may have, disqualifying biases, prejudices, etc. If a juror responds to a particular question with an answer that raises an issue as to that person's ability to be an impartial juror, the Court will likely allow counsel to later question the juror in open court, out of the presence of the other jurors, for the purpose of determining whether that juror has any prejudices, biases, etc. *See* Fed. R. Civ. P. 47(a); Alaska R. Civ. P. 47(a). The parties shall also submit a proposed special verdict form pursuant to Rule 49 of the Federal Rules of Civil Procedure, which addresses each disputed issue of material fact that the parties wish the jury to decide. Failure to include a question in the proposed verdict form may be deemed a waiver of jury trial on that issue.

D.      *Preparation of a Proposed Pretrial Order*

The parties shall meet as soon as practical after the deadline for the first supplemental trial briefs. The purpose of this meeting is to review the entire case as it will be presented at trial and develop a comprehensive pretrial order. The parties have agreed to **meet** at **on Friday, May 4, 2007**. *See* Docket No. 50. At least one attorney with plenary authority to resolve any issue that might arise at trial, including settlement of the entire case, must be present in person at the attorney

meeting. If a party is unwilling to grant plenary authority to its attorney, then the party or the party's authorized agent must be present in person at the attorney meeting. At the meeting, each party should be prepared to discuss and, if possible, reach agreement regarding any issue raised in the trial briefs, any supplements to the trial briefs, final witness lists, final exhibit lists, proposed jury instructions, proposed voir dire questions, and proposed special verdict questions. The decisions reached and any stipulations entered shall be incorporated into a Proposed Pretrial Order. A sample Proposed Pretrial Order with explanations is attached. The parties shall follow this format. If necessary, the parties shall each file a second supplemental trial brief addressing those issues about which agreement could not be reached. The parties shall address in their second supplemental trial brief all contested trial exhibits and jury instructions. The **second supplemental trial briefs** shall be filed no later than **Friday, June 1, 2007.**

E.     *Final Pretrial Conference*

Prior to the Final Pretrial Conference, the Court will review the record, the joint Proposed Pretrial Order, and the second supplemental trial briefs, which address issues that could not be resolved by the parties prior to the submission of the Proposed Pretrial Order. The parties should be prepared to discuss all unresolved issues at the Final Pretrial Conference. Following the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will govern all further proceedings.

## III.  FILING

In addition to the usual electronic filing, the Proposed Pretrial Order and *second* supplemental trial briefs must be electronically sent to Judge Singleton's Proposed Order's in either WordPerfect or Microsoft Word.

The parties should not assume that they are at liberty to stipulate to a change of the dates set within this Order.  If the parties do so stipulate, and the Court grants such stipulation, the Court reserves the right to vacate the trial date if the change in date(s) deprives the Court of adequate time to complete its trial preparation.  **If the parties file a joint stipulation for an extension of time and the Court denies the motion, late filed documents will not be accepted, unless the Court grants leave to accept the late filed documents.  In addition, the attorney(s) submitting the late filed documents may be subject to Court imposed sanctions.  Each attorney may be subject to a fine, up to $100.00 per day, for every day the documents are late.**

### IV.  SUMMARY OF DEADLINES

A summary of the deadlines imposed by this Order is as follows:

| | |
|---|---|
| Pretrial Documents | **Monday, April 30, 2007** |
| Proposed Pretrial Order Meeting | **Friday, May 4, 2007** |
| First Supplemental Trial Briefs | **Friday, May 11, 2007** |
| Proposed Pretrial Order | **Thursday, May 24, 2007** |
| Second Supplemental Trial Briefs | **Friday, June 1, 2007** |
| Final Pretrial Conference | **Monday, June 11, 2007 at 10:00 a.m.** |

DATED at Anchorage, Alaska this 17th day of January, 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PLAINTIFF,<br>          Plaintiff,<br>vs.<br>DEFENDANT,<br>          Defendant. | Case No. CASE NO. (JKS)<br><br>PROPOSED PRETRIAL ORDER |

(*All of the **bold text** in this document is to be used verbatim by the parties in their Proposed Pretrial Order.  The remainder of this document is comprised of instructions and examples.*).

Pursuant to the Scheduling Order entered on [Date], the following is the joint Proposed Pretrial Order to be discussed and considered at the Final Pretrial Conference set for [Date].

### I.  Parties

(*List the parties and their relationships.*).

### II.  Jurisdiction

(*Cite the authority(-ies) granting this Court jurisdiction.  Also, note whether jurisdiction is or is not disputed.  If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the reasons for the objection.  If jurisdiction is not disputed, the parties must still cite the authority(ies) granting the Court jurisdiction.*).

### III.  Schedule of Trial

(*List date, place, time, probable length, and whether trial will be by court or jury.*).

### IV.  Nature of Action

(*Provide a concise statement of the type of case, cause of action, and relief sought.*

<u>Example:</u>  *This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift.  Plaintiff contends that the forklift was defectively designed and manufactured by Defendant and that the defects were a producing cause of his injuries and damages.  Also, indicate which law governs,* i.e.*, state or federal.  The statement of the nature of the action shall not contain argument or discussion of factual or legal disputes.*).

## V. Legal Issues Already Decided by this Court

(*If the Court has made any legal determinations,* e.g.*, partial summary judgment motions, motions* in limine*, or motions that eliminate certain parties, such determinations should be briefly addressed here.*).

## VI. Joint Statement of Issues

(*At minimum, the joint statement of issues in this section must identify the legal elements required to be established by either party in order to establish each claim or affirmative defense asserted by either party. If the parties do not agree on the statement of issues, a brief statement of the basis for their disagreement as to any issue or issues shall be included.*).

## VII. Stipulated Statement of Facts

(*The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial, background material, which will serve to put into proper context the issues to be litigated. This statement shall include all facts upon which a party intends to rely and that the opposing party does not intend to controvert. In the preparation of the statement, and unless the parties all concur on a different, effective procedure, the parties shall each prepare a statement of facts that they intend to prove at trial, from which each side can identify those facts that are not to be controverted. Those uncontroverted facts shall be incorporated into the joint statement of uncontested facts. The uncontested facts should be presented in simple English so that they can be read to and understood by a lay jury.*).

## VIII. Contested Issues of Fact and Law

### A. The Following Are the Issues of Fact to Be Tried and Decided:

(*Each issue of material fact must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of material fact.*).

*Example:*

Issue 1: Whether Plaintiff used due care.

Plaintiff contends: Plaintiff looked both ways before stepping into the street. . . .
Defendant contends: Plaintiff darted out into the street without looking. . . .

**B.     The Following Are The Issues Of Law To Be Tried And Determined:**

(*Each issue of law must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of law.*).

*Example:*

Issue 1:  Whether Plaintiff's suit is barred by the doctrine of laches.

<u>Plaintiff contends</u>: . . . .
<u>Defendant contends</u>: . . . .

**IX.   General Questions for the Jury, Voir Dire Jury Questionnaire, Preliminary Jury Instructions, Jury Instructions, and Special Verdict Form** (if a jury trial)

(*The parties should submit a joint set of questions for the jury. The Court will review these questions and choose those that are appropriate.*

*The parties should next list the preliminary jury instructions and jury instructions. Any Ninth Circuit or Alaska Pattern Jury Instruction proposed may be indicated by its number; it is not necessary to re-type the instruction if it is identical to the pattern instruction. For each instruction not agreed upon, the parties shall list the instruction and then provide argument in support of and against the instruction in supplemental trial briefs.*

*A joint special verdict form should be submitted. If the parties cannot agree, their proposals should be indicated in this section and argued in their supplemental trial briefs.*).

**X.     Exhibits**

(*The parties should list each exhibit in the order that it will be offered at trial. The parties should indicate those exhibits that are still contested,* i.e., *"i.d." or "adm." By this stage, both parties should have discussed and therefore know the purpose and foundation for each exhibit.*

*For clarity and ease of identification, exhibits shall be identified as follows: all exhibits to be offered at trial must be sequentially* numbered—*1, 2, 3,* etc., *not A, B, C . . . AA, BB, CC,* etc.*; plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2,* etc.*; likewise, defendant's exhibits shall be preceded by a "D"—D1, D2,* etc. *Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits. The parties should simply agree as to which side shall include the exhibit in its set, and reference the exhibit(s) accordingly.*).

## XI.  Witness Lists

*(A jointly prepared list of witnesses must accompany this order.  It shall list witnesses in the order they will testify, provide their respective addresses, identify each as either plaintiff's or defendant's witness, and indicate whether he or she is a fact, or expert, witness.  If a witness' address is unknown, that fact should be disclosed.  A brief statement as to the testimony of each witness must also be included.  Additionally, the parties shall designate which witnesses: 1) shall be called at trial; 2) may be called at trial; and 3) are unlikely to be called at trial.).*

**The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s).  Simply because a party lists a witness does not mean that the witness will be called.  Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.  To the extent possible, the parties shall stipulate to the witnesses that will be called to testify.**

## XII.  Effect of this Order

**When finalized, this Proposed Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.**

# GENERAL QUESTIONS FOR THE JURY
*Plaintiff v. Defendant*

1. Does anyone here know, or are any of you acquainted with, any of the parties in this case? [List parties]

2. Do you know any attorneys or employees from the law offices involved in this case? [List attorneys/employees]

3. Do you know anyone else who is involved in or associated with this trial, such as Court personnel?

4. Are you aware of anyone who may be called as witnesses in this case?

5. Do you have any personal knowledge of, or have you read or heard anything about the facts surrounding this case?

6. Have you or a close relative or friend ever worked for either party?

7. Is there any other reason that you would like to bring to the Court's attention why you question your ability to decide this case based solely on the evidence presented to you?

**VOIR DIRE JURY QUESTIONNAIRE**
*Plaintiff v. Defendant*

  When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court. The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it.
  If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1. State your name, and spell your last name. Where were you born, and where were you raised?

2. What neighborhood do you live in? How long have you lived in Alaska?

3. What is your marital status? What is your spouse's name? Please give the number of children, their ages, and their occupations if they are adults.

4. What is the highest level of formal education that you've attained?

5. What is the name of your employer? Please give a brief work history, and if you are married, please give your spouse's occupation.

6. What are your hobbies, interests, and organizations, and any public expressions of your opinions? For example, do you have any bumper stickers, or any political activity that is public? Have you ever run for public office?

7. Are you a citizen of the United States?

8. Do you have any military service? Your rank at discharge?

9. Have you ever served on a jury? If so, (a) when was that? (b) Was it a civil or a criminal case? (c) Was it a grand jury or a trial jury? (d) Did the jury reach a verdict in that case?

10. Do you know either of the parties, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

11. Do you have a special disability or a medical condition which would make it difficult for you to serve as a juror?

12. Is there any reason you are concerned about your ability to be fair to both sides in this case?

13. Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

## PROPOSED PRELIMINARY JURY INSTRUCTIONS

*Instructions are available for reference on the Ninth Circuit's web page at http://www.ce9.uscourts.gov/web/sdocuments.nsf/civ. When submitting your instructions to the Court, please include the full text of any modified or additional instructions.*

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | Claims and Defenses |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Evidence For Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |
| 1.13 | Burden of Proof—Preponderance of the Evidence |
| 1.14 | Burden of Proof—Clear and Convincing Evidence |

## PROPOSED FINAL JURY INSTRUCTIONS

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | What Is Evidence |
| 3.3 | What Is Not Evidence |
| 3.5 | Direct and Circumstantial Evidence |
| 3.6 | Credibility of Witnesses |
| 3.7 | Opinion Evidence |
| 3.9 | Charts and Summaries Not Received in Evidence |
| 3.10 | Charts and Summaries in Evidence |
| 4.2 | Use of Notes |
| 4.1 | Duty to Deliberate |
| 4.3 | Communication With Court |
| 4.4 | Return of Verdict |
| 5.1 | Burden of Proof—Preponderance of the Evidence |
| 5.2 | Burden of Proof—Clear and Convincing Evidence |