1  Donna J. McCready
   Friedman, Rubin & White
2  1126 Highland Avenue
   Bremerton, WA  98337
3  Telephone:  (360) 782-4300
   Facsimile:  (360) 782-4358
4  E-mail:  dmccready@frwlaw.us

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ALASKA

10 KIMBERLY ALLEN, Personal                )
   Representative of the Estate of TODD    ) Case No. 3:04-CV-0131-JKS
11 ALLEN, Individually, on behalf of       )
   the Estate of TODD ALLEN, and on        ) **REPLY TO UNITED STATES' OPPOSITION**
12 behalf of the Minor Child, PRESLEY      ) **TO PLAINTIFF'S MOTION IN LIMINE TO**
   GRACE ALLEN,                            ) **LIMIT DEFENDANT'S EXPERTS TO**
13                                         ) **ONLY TESTIFY WITHIN THE SCOPE OF**
                 Plaintiff,                ) **THEIR EXPERTISE**
14                                         )
   vs.                                     )
15                                         )
   UNITED STATES OF AMERICA,               )
16                                         )
                 Defendant.                )
17 _____)

18

19     Mrs. Allen filed a motion requesting that this court limit the testimony of two of

20 defendant's experts, Dr. Levy, an emergency room physician, and Dr. Rubenstein, a

21 neurologist from California.   The government opposes plaintiff's motion.

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO
ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 1 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington  98337
Phone:  (360) 782-4300
Facsimile:  (360) 782-4358

A. **DR. LEVY**

Mrs. Allen, based on discovery and the disclosures made to her to date regarding Dr. Levy, does not argue that Dr. Levy is not qualified to render opinions regarding the applicable standard of care owed a patient, such as Mr. Allen, presenting at a hospital emergency department. Similarly, the plaintiff acknowledges, based on discovery and disclosures to date, that Dr. Levy has knowledge and experience regarding medevac procedures involving Alaska Regional Hospital. Plaintiff objects to Dr. Levy testifying about causation in this case. As explained in Plaintiff's motion, Dr. Levy testified unequivocally at his deposition that he was not a neurosurgeon, nor did he claim to have some expertise in that area.[1]

Dr. Levy specifically stated under oath that he "cannot render an opinion, as an expert, on the actual outcome of this case and how the initial care would have impacted that." When asked, "[a]nd that is because of your – that's outside your area of expertise," he answered "[y]es." Exhibit 2 at 53.

---

[1] Dr. Levy was asked, "okay, but you don't consider yourself to – given that experience, to have some expertise in neurosurgery, or do …" Dr. Levy responded, "absolutely not." Exhibit 2 at 57. He admitted that he was not qualified to say how long it would take to develop the brain edema that was seen on Mr. Allen's CT scan after he was taken by ambulance to Providence late in the day on April 19th. *Id*. at 175. He admitted he was not qualified to render an opinion about whether or not Mr. Allen's brain had been bleeding throughout the day he presented to the Alaska Native Medical Center or bled once. *Id*. at 174-175.

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 2 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

The government in its opposition does not respond to the plaintiff's argument that Dr. Levy is not qualified to testify about how the "initial care" of Todd Allen, or the lack thereof, "impacted" Mr. Allen's outcome. Dr. Levy should be precluded from offering opinions about Mr. Allen's likely outcome had his subarachnoid bleed been diagnosed and treated because, according to his own testimony, he is unqualified to offer such opinions.

The government claims that Dr. Levy is "entitled to rely on his prior knowledge and on other information he obtained that in 2003 there were only three neurosurgeons in Alaska and that they did not perform emergency surgery for patients with aneurysm, such as Allen." Defendant's Opposition at 5-6. However, Dr. Levy testified that he did not "know if this particular time, when [Allen] presented, was that time" when the Anchorage neurosurgeons would not do aneurysm surgeries. Exhibit A to Defendant's Opp. at 190-193. Dr. Levy is not entitled to testify as to his speculation about when it might have been that neurosurgeons in Anchorage were not performing surgery on aneurysms. This is not the type of expert opinion that should be allowed at a trial.

Finally, the issue in this case is whether or not the United States met the standard of care in its evaluation and treatment of Mr. Allen on April 19, 2003 in the Emergency Department of the Alaska Native Medical Center ("ANMC"). The United States owed the same standard of care to Mr. Allen whether or not he was seen by an emergency room physician or a "mid-level practitioner." What the United States is attempting to do is to create two different standards of care – one for those who present at an emergency department who are triaged to a nurse practitioner and one for those triaged to an emergency room physician. It then seeks to have its

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 3 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

emergency medicine expert (and its neurologist) testify as to the standard of care for its nurse practitioner. There is but one standard of care that applies and Dr. Levy may be qualified to testify regarding the standard of care owed a patient presenting to a hospital emergency department. If the government is going to persist that there are two different standards of care that apply to patients presenting at ANMC's Emergency Department, then the plaintiff objects to Dr. Levy being able to testify regarding the standard of care that applies to a mid-level practitioner, especially when he admits that he is not particularly familiar with their training.[2]

**B.    DR. RICHARD RUBENSTEIN**

As a matter of clarification, the government's contention, Opp. at 4, that Dr. Rubenstein "is a neurologist with subspecialties in electrophysiology, traumatic brain injuries, and cognitive neurology" is simply incorrect. While Dr. Rubenstein may have a professed interest in traumatic brain injuries and cognitive neurology, he does not have subspecialties in those areas. *See* Defendant's Exhibit C at 14-15; *see* Exhibit 3 (Exhibit 3 to Dr. Rubenstein's deposition which is attached to this Reply).

More importantly, the government contends in its opposition, essentially without support or reason, that Dr. Rubenstein should be allowed to offer expert opinions about the standard of care owed by the ANMC Emergency Department to a patient, such as Mr. Allen,

---

[2] Exhibit 2 at 53-54. Certainly, a neurologist with a clinical practice who has not performed hospital work in ten years should not be allowed to opine on the standard of care that applies to a nurse working in an emergency department, assuming there is a separate standard of care for nurses providing emergency department services as opposed to a physician.

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO
ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 4 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

1  presenting in April 2003, and whether or not that standard of care was breached in this case.
2  Emergency medicine is a specialized area of medicine with its own board certification.
3  Physicians who practice emergency medicine are required, among other things, to complete a
4  residency in emergency medicine. Dr. Rubenstein has no such training. Exhibit C to
5  Defendant's Opp. at 34-36. Furthermore, whether or not he provided neurological services to
6  patients in an emergency room setting between 1978 and 1997, he is not qualified to testify
7  about the standard of care governing emergency room medicine in 2003.

8  The government further claims that Dr. Rubenstein is qualified to talk about the
9  availability of neurosurgical services in Anchorage in 2003 and the logistics of treating patients
10 with subarachnoid hemorrhages in Anchorage in 2003 when he has no familiarity with the
11 practice of medicine in Anchorage, with ANMC policies and procedures or with the
12 neurosurgical services available in Anchorage in 2003. While Dr. Rubenstein may rely to
13 some extent on another expert's opinions, he may not rely on the speculation of other experts
14 and he may not rely on information told to him by defense counsel. Dr. Rubenstein testified at
15 this deposition that, "I've reviewed in detail all the medical records. I have looked at Dr.
16 Levy's report. *I have talked to Mr. Guarino about what the logistics were in Anchorage, and,*
17 *you know, that there are three neurosurgeons in the state.* It's not clear to me whatsoever that
18 either Godursky [sic], or Craelic [sic] or Cohen were doing aneurysm surgery on 4-19-03 in
19 Anchorage." (Emphasis added). Exhibit C to Defendant's Opp. at 183. Dr. Rubenstein never
20 spoke with any of the Anchorage neurosurgeons. *Id*. at 185. It was likely not clear to Dr.
21 Rubenstein whether or not the Anchorage neurosurgeons were performing surgeries on patients

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO
ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 5 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

1 with aneurysms in April 2003 because Dr. Levy was not able to obtain this information. Exhibit 2 at 190-191.

The cases cited by the government, *Sullivan v. United States*, 365 F.3d 827 (9th Cir. 2004) and *United States v. Sandoval-Mendoza*, 472 F.3d 645 (9th Cir. 2006), do not support its position that Drs. Levy and Rubenstein may provide expert testimony on issues not within their expertise. In *Sullivan*, the Ninth Circuit reversed the district court's order granting the United States' motion for summary judgment, holding that the district court erred in its analysis regarding whether or not the testimony of plaintiff's expert would be admissible. 365 F.3d at 834. In that case, which involved allegations that agents of the United States negligently performed a mastectomy and reconstructive breast surgery leading to infection, severe scarring and pain, the plaintiff's expert surgeon who was an oncologist and reconstruction oncologist, who had performed mastectomies and reconstructive breast surgeries, offered the opinion that a cause of the plaintiff's infection and subsequent injuries was the fact that the surgery took more than three times longer than it should have, and prolonged surgeries increase the risk of infection. *Id*. at 830-831. The appellate court noted that the district court erred in applying too strict a standard to the plaintiff's expert's testimony – not because the trial court considered the expert to be testifying outside of her field, but because it required the medical literature she relied on to "state the precise type of harm explained by the specialized testimony of [the] medical expert." *Id*. at 833-834. This was not a case where a medical expert was offering testimony that was clearly outside of her area of training, experience and expertise and that she admitted was outside of her area of training, experience and expertise.

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 6 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

In *Sandoval-Mendoza*, a criminal case involving the defense of entrapment, the defendant sought to offer the testimony of a neuropsychologist and neurologist[3] that brain damage caused by a brain tumor affected the defendant's susceptibility to inducement. The Ninth Circuit, reversing the defendant's conviction, held, among other things that the trial court abused its discretion when it excluded the defendant's experts from testifying at trial. The appellate court noted that the trial court's analysis requiring the expert testimony to "conclusively prove Sandoval-Mendoza's brain tumor caused susceptibility to inducement or a lack of predisposition" was in error. 472 F.3d at 655. As explained by the appellate court,

> medical knowledge is often uncertain. The human body is complex, etiology is often uncertain, and ethical concerns often prevent double-blind studies calculated to establish statistical proof. This does not preclude the introduction of medical expert opinion testimony when medical knowledge "permits the assertion of a reasonable opinion."

*Id*. The issue in *Sandoval-Mendoza*, therefore, was not whether or not the defense experts were testifying outside of their area of expertise or beyond their qualifications or experience, it was whether or not the data they relied upon lacked scientific validity. Using the Appellate Court's analysis in *Sandoval-Mendoza* in Mrs. Allen's motion, the question is: would a physician board certified in emergency medicine find the testimony of a neurologist who had not worked in a hospital emergency room setting for 10 years useful and reliable in establishing the standard of care owed a patient in an emergency room. Likewise, would a neurosurgeon find the testimony of an emergency room physician who typically does not

---

[3] The government's experts were a neuropsychologist and neurologist as well. 472 F.3d at 652.

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 7 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

follow patients beyond providing emergency services useful and reliable in proving the likely outcome of a patient with a brain bleed. 472 F.3d at 655.

## C. CONCLUSION

There should be reasonable limits set on the testimony of the government's expert witnesses in that they should not be allowed to speculate and pontificate on subjects outside of their areas of expertise.

                                            FRIEDMAN RUBIN & WHITE
                                            Counsel for Plaintiffs

DATED: March 14, 2007          By: /s/  Donna J. McCready

                                            1126 Highland Avenue
                                            Bremerton, Washington 98337
                                            Telephone: (360) 782-4300
                                            Facsimile: (360) 782-4358
                                            E-mail: dmccready@frwlaw.us
                                            Alaska Bar No. 9101003

### CERTIFICATE OF SERVICE

I certify that on the 14th day of March 2007, a copy of the foregoing Reply to United States' Opposition to Plaintiff's Motion in Limine to Limit Defendant's Experts to Only Testify Within the Scope of Their Expertise was served electronically on:

Gary M. Guarino
Assistant U.S. Attorney
Office of the U. S. Attorney
222 W. 7th Ave., #9
Anchorage, AK  99513-7567

/s/  Donna J. McCready

W:\Allen v. USA\PLED\MIL to Limit Defendant's Experts R (070314).doc

REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S EXPERTS TO ONLY TESTIFY WITHIN THE SCOPE OF THEIR EXPERTISE
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 8 of 8

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358