IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on behalf of the Estate of TODD ALLEN, and on behalf of the Minor Child, PRESLEY GRACE ALLEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:04-CV-00131-JKS<br><br>O R D E R |

In this medical malpractice action, two Motions in Limine, filed by Plaintiff, are ripe: Plaintiff's Motion in Limine for Ruling Regarding Proof of Causation at Docket Nos. 41; 42 (memorandum); 53 (opp'n); 56 (reply); and, Plaintiff's Motion in Limine to Limit Defendant's Experts to Only Testify Within the Scope of Their Expertise at Docket Nos. 48; 59 (memorandum); 63 (opp'n); 65 (reply).

Todd Allen died in Anchorage, Alaska on April 19, 2003. He is survived by his wife, the Plaintiff, Kimberly Allen, and daughter, Presley Grace Allen. Todd Allen, a resident of Valdez, Alaska, was evaluated at the Alaska Native Medical Center ("ANMC") emergency room on the morning of April 19, 2003, and died later that day. Plaintiff brings causes of action for survival action under Alaska Statute 09.55.570, wrongful death under Alaska Statute 09.55.580, and for the tort of negligent infliction of emotional distress. Because at all relevant times ANMC was an agent of the United States of America this Court has jurisdiction under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346, 2401, and 2671 et seq.  In addition, as required under the FTCA, this case will be tried by the Court rather than a jury.  Docket No. 66.

Plaintiff seeks to use motions in limine to (1) determine the law of the case regarding causation (Docket No. 41) and (2) limit the testimony that medical experts may provide (Docket No. 48).  Because this case will be tried by a judge, it is not necessary for the Court to make a ruling now, as it might if a jury were involved.

Once each party completes its presentation of evidence at trial, the Court will be in a position to request proposed findings of fact and conclusions of law and to determine whether the burden of proof on causation should be modified.  By the same token, the Court will be in a better position to resolve objections to specific questions and to decide what weight, if any, to give a particular witness's testimony after hearing from all of the expert witnesses presented.

**IT IS THEREFORE ORDERED:**

The Motions in Limine at **Dockets No. 41** and **48** are **DENIED**.

Dated at Anchorage, Alaska, this 9th day of May 2007.

                                                 /s/ James K. Singleton, Jr.
                                                 **JAMES K. SINGLETON, JR.**
                                                     United States District Judge

ORDER