IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, et al.,<br><br>                  Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case No. 3:04-CV-00131-JKS<br><br>O R D E R |

      The facts of this case are well known to the parties and summarized in earlier Orders of this Court. They will not be addressed in this Order. Suffice to say that the Court held a trial, heard oral argument limited to liability and causation, issued a decision on liability and causation, and scheduled oral argument on the two damage claims that remain for today, Thursday, August 30, 2007, at 1:30 p.m. The United States has moved on shortened time to continue the oral argument. Docket No. 117. Ms. Allen opposes. Docket No. 118.

      Throughout these proceedings Plaintiff has been represented by Donna J. McCready and the United States has been represented by Gary M. Guarino. The motion filed on shortened time to continue final argument states that Mr. Guarino is unavailable because of physical injury. Ms. Allen opposes the motion to reschedule oral argument based upon her understanding that rescheduling will be difficult. The Court will be trying cases out of district for the better part of the next two months, which does make rescheduling difficult. The Court would best be served by having informed counsel conduct argument. It will therefore grant the request to vacate argument today, and substitute written arguments in lieu of attempting to reschedule oral arguments.

First, in the Court's view, the two remaining claims for damages are: (1) Todd Allen's survivor claim for pain and suffering, including damages for apprehension of impending death, if any; and, (2) Kimberly Allen's claim for negligent infliction of emotional distress ("NIED"). To aid the parties in preparing their arguments, the Court will mention some concerns.

First, is there any evidence that Todd Allen suffered any pain, or anticipated death, traceable to the diagnosis at ANMC? The Court has a transcript of the trial. It would be interested in citations to the record. The parties should also share with the Court citations to any Alaska Supreme Court cases or, if there are none, persuasive cases from other jurisdictions discussing damage awards under similar facts where the decedent was in a coma for a substantial part of the time.

Second, Ms. Allen suffered no physical injury as a result of any inaction or omission by ANMC personnel, she was not a patient of ANMC, nor did she have any contractual relationship with ANP Fearey. It would not appear, therefore, that she can show a pre-existing duty. *See M.A. et al. v. United States,* 951 P.2d 851, 856–57 (Alaska 1998); *Hawks v. State*, 908 P.2d 1013 (Alaska 1995). To recover for NIED she must show she was a bystander and meet a three-part test: (1) that she was located near the scene of the "accident," which in this case would seem to mean the negligence; (2) that she suffered shock as a result of a direct emotional impact from the sensory and contemporaneous observance of the "accident;" and, (3) that she had a close relationship with the decedent. *See Kallstrom v. United States*, 43 P.3d 162, 165–66 (Alaska 2002). It appears that Ms. Allen satisfies factors 1 and 3. She is the wife of Todd Allen and was with Todd Allen at all pertinent times upon which her NIED claim rests. The question is, did she "suffer shock as a result of a direct emotional impact from the sensory and contemporaneous observances of the "accident." There was no traumatic "accident" in this case. The theory of liability is that due to a mis-diagnosis, a CAT scan was not done, which would have disclosed a ruptured aneurism, which would have been corrected given early diagnosis. Ms. Allen seems to be relying upon the efforts by EMT's from Providence Hospital to resuscitate Todd Allen late in the afternoon when his vital signs stopped. Is this sufficient for NIED under Alaska law? *See M.A.*, 951 P.2d at 856-57. The law of anywhere? *See Ochoa v. Superior Court*, 703 P.2d 1 (Cal. 1985); *Gendek v. Poblete*, 654 A.2d 970

ORDER

(N.J. 1995); *Frame v. Kothari*, 560 A.2d 675 (N.J. 1989); *Klein v. Children's Hospital et al.*, 54 Cal.Rptr. 2d 34 (Cal. App. 1996); *Edinburg Hospital Authority v. Trevino*, 941 S.W.2d 76 (Tex. 1997).

**IT IS THEREFORE ORDERED:**

Defendant's Motion on Shortened to Continue Oral Argument at **Docket No. 117** is **GRANTED**. Oral argument, currently scheduled for **Thursday, August 30, 2007**, is **VACATED**. The parties shall submit their opening briefs on the two remaining damage issues simultaneously on Friday, September 14, 2007. Each party may file a reply brief addressing only matters raised in an opponent's Opening Brief on or before Friday, September 21, 2007.

Dated at Anchorage, Alaska, this 30th day of August 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER