DRAFT: SUBJECT TO REVISION


April 15, 1997

Sectional Summary    of  O-LS 0056/Z
of                        4-14-97
SENATE CS  FOR CS FOR SS FOR HB 58 ( )

An Act Relating to Civil Actions

Section 1.  **Legislative intent.**  This section generally sets forth the legislative
intent of this Act.

Section 2.  **Minor consistency change.**  This section clarifies that no change is
being made to the Alaska Banking Code by the change in Section 23 of this
Act, relating to a floating interest rate on judgments.

Section 3.  **Certain property actions to be brought in six years.**  This section is
taken verbatim from the report of the Governor's Task Force on Civil Justice
Reform ("Governor's Task Force").  It removes the existing six year statute of
limitations for recovery of, or damages to, personal property, and reduces it
to 2 years in Section 7.

Section 4.  **Contract actions to be brought in three years.**  This section is taken
verbatim from the Governor's Task Force report. It adds a new section which
imposes a three year statute of limitations on contract actions, thereby
reducing it from the existing six year statute of limitations.
        On the floor of the House, this section was amended to clarify that
the the shortened statute of limitations could be waived by contract.

Section 5.  **Statute of repose of eight years.**  This section adds a new section
which generally imposes a ten year statute of repose.
        In this section, the statute of repose in design and construction cases
begins to run on the earlier of the date of substantial completion of a
construction project or of the last act alleged to have caused the personal
injury, death or property damage.  This changes existing law by reducing the
time to bring an action from 15 years to ten, although the ten years may be
waived by contract. The national average among the many states which have
a statute of repose is 6 years.
        In medical malpractice cases, the statute of repose is tolled until the
actual discovery of a foreign object in the body of the injured person.



Exhibit ___1___
page __1__ of _3_   01474

In medical malpractice cases involving children, the statute of repose does not apply if the facts that would give notice of a potential cause of action of a minor are not discoverable in the exercise of reasonable care by the minor's parent or guardian.

This section does not apply if the cause of action resulted from:

(a) intentional or reckless disregard of plans and specifications or building codes in the design-construction area;

(b) hazardous waste exposure;

(c) intentional act or gross negligence;

(d) fraud or misrepresentation;

(e) breach of express warranty or guarantee;

(f) a defective product;

(g) intentional concealment of facts;

(h) where a shorter statute of limitations applies.

**Section 6. Actions for torts, for certain statutory liabilities, and against peace officers and coroners to be brought in two years.** This section amends AS 09.10.070(a)   by including in the two year statute of limitations actions for recovery of, or damages to, personal property.  Such actions previously were limited to a six year statute of limitations under AS 09.10.050.  The report of the Governor's Task Force recommended this reduction.

This section also eliminates the conflict between existing subsections AS 09.10.070(a)(2) - (3) with AS 09.10.090, to make clear the shorter statute of limitations of AS 09.10.090 controls in cases involving penalties and forfeitures to the state.

Language is added indicating that ordinary negligence and other non-intentional actions are covered by the two year statute of limitations.

**Section 7. Disabilities of minority and incompetency.** This section was amended by the House Finance Committee.  The change is a consistency change for the new subsection in Section 8.

**Section 8. Disabilities of minority and incompetency.** This subsection clarifies that the normal two year statute of limitations for personal injuries or death under AS 09.10.070(a) is tolled, in the case of minors under the age of eight years at the time of the injury,  until the minor's eighth birthday. This means the minor may bring an action for birth trauma injuries, or other injuries sustained before the age of eight,  anytime before the minor's tenth birthday.  This is consistent with the operation of the statute of repose.

**Section 9. Noneconomic damages.**   This new section replaces an earlier version of this statute pertaining to noneconomic damages.  This section generally places caps on the amounts which may be awarded for noneconomic damages.  It also specifically adds loss of consortium to the list of  items for which noneconomic damages may be sought.  Under existing


Exhibit_____1_____
Page___2___of___3___          01475

law, there are no caps on noneconomic damages for "disfigurement or severe physical impairment."

This section leaves intact the existing recovery cap of $500,000 for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other non pecuniary damage. However, it now takes into consideration injuries to children and young adults by allowing the greater of $500,000 or the injured person's life expectancy in years multiplied by $10,000. These caps are per occurrence, and not per claimant.

In more serious cases, such as loss of, of loss of functional use of one or more limbs, or permanent brain damage, or third degree burns over one-half or more of the claimant's body, or total deafness or total blindness, the recovery cap is substantially raised from previous versions of the bill to $1,500,000. Again, in the case of injuries to children or young adults, the cap now is the greater of $1,500,000 or the injured person's life expectancy in years multiplied by $30,000. These caps are per occurrence, and not per claimant.

Section 10. **Punitive damages**. This new section replaces an earlier version of this statute, which defines the circumstances in which punitive damages may be awarded. This section incorporates the language used by the Alaska Supreme Court to require malice or conscious acts, including reckless conduct. Under existing law, there are no quantifiable caps on punitive damages.

Subsections (a) through (f) are substantially identical to the language recommended by the Governor's task force.

Subsection (f) generally imposes a cap on punitive damages of the greater of three times compensatory damages or $500,000.

Subsection (g) places a higher cap on punitive damages in cases where the wrongful conduct arose in connection with commercial activities motivated by financial gain, and the likelihood of injury was previously known by the persons who made the subsequent policy decisions, but they nonetheless went forward with selling the product, or otherwise engaged in the commercial activities that resulted in serious personal injuries or death. Under these circumstances, the cap on punitive damages would be the greater of four times compensatory damages or $3,000,000.

Subsection (h) caps punitive damages in unlawful employement practice cases. It is generally taken from SB 15, except that it takes into consideration small businesses in this state. The amount of the caps varies in five categories, depending upon the number of employees in the state. Where employers have fewer than 15 employees, the punitive damage is capped at $50,000. Where emloyers have 500 or more employees, the punitive damage cap is $500,000.

Subsection (d) requires that one half of any punitive damage award be paid into the general fund of the State of Alaska.

Section 11. **Apportionment of damages**.

Exhibit ____1____
Page __3__ of __3__    01476