SENATE RULES COMMITTEE
April 15, 1997
8:08 a.m.

**MEMBERS PRESENT**

Senator Tim Kelly, Chairman
Senator Loren Leman, Vice Chairman
Senator John Torgerson
Senator Jim Duncan

**MEMBERS ABSENT**

Senator Robin Taylor

**COMMITTEE CALENDAR**

CS FOR SPONSOR SUBSTITUTE FOR HOUSE BILL NO. 58(FIN) am
"An Act relating to civil actions; relating to independent counsel
provided under an insurance policy; relating to attorney fees;
amending Rules 16.1, 41, 49, 58, 68, 72.1, 82, and 95, Alaska Rules
of Civil Procedure; amending Rule 702, Alaska Rules of Evidence;
and amending Rule 511, Alaska Rules of Appellate Procedure."

CS FOR HOUSE BILL NO. 75(FIN) am(brf sup maj pfld)
"An Act making appropriations for the operating and loan program
expenses of state government, for certain programs, and to
capitalize funds; making an appropriation under art. IX, sec.
17(c), Constitution of the State of Alaska, from the constitutional
budget reserve fund; and providing for an effective date."

CS FOR HOUSE BILL NO. 76(FIN)
"An Act making appropriations for the operating and capital
expenses of the state's integrated comprehensive mental health
program; and providing for an effective date."

CS FOR HOUSE BILL NO. 147(HES) am
"An Act relating to the expenses of housing nonresident charter
school students; relating to authorizing charter school programs to
provide domiciliary and other services to nonresident charter
school students; relating to duties of the state Board of
Education; and relating to the establishment of state boarding
schools."

SENATE BILL NO. 150
"An Act relating to moving expenses of state employees, to
compensatory time for state employees, and to calculation of
compensation for the public employees' retirement system."

**PREVIOUS SENATE COMMITTEE ACTION**

HB  58 - Finance report 4/14/97.

Senate Rules                    -1 -                 April 15, 1997

Exhibit    3
Page  1  of  4        01364

HB  75 - Finance report 4/14/97.

HB  76 - Finance report 4/14/97.

HB 147 - See Health, Education & Social Services minutes dated
         4/11/97.

SB 150 - See Senate State Affairs minutes dated 4/1/97 & 4/3/97.
         Finance report 4/14/97.

**WITNESS REGISTER**

Representative Brian Porter
State Capitol
Juneau, AK 99801-1182
**POSITION STATEMENT:**  Prime Sponsor of CSSSHB 58(FIN) am

Jeff Bush, Deputy Commissioner
Department of Commerce & Economic Development
P.O. Box 110800
Juneau, AK 99811-0800
**POSITION STATEMENT:**   Outlined Administration's  concerns  with
                        SCS CSSSHB 58(RLS)

Chris Christensen, Staff Counsel
Alaska Court System
820 W. 4th Ave.
Anchorage, AK 99501-2005
**POSITION STATEMENT:**  Outlined Alaska Court System's concerns with
                        sections of SCS CSSSHB 58(RLS)

Michael Schneider, Chair
Alaska Action Trust
880 N Street, #202
Anchorage, AK 99501
**POSITION STATEMENT:**  Testified in opposition to sections in
                        SCS CSSSHB 58(RLS)

Michael Lessmeier, Representing State Farm Insurance Co.
One Sealaska Plaza, #303
Juneau, AK 99801
**POSITION STATEMENT:**  Testified in support of SCS CSSHB 58(RLS)

**ACTION NARRATIVE**
**TAPE 97-4, SIDE A**
Number 001
#HB 58

### CSSSHB 58(FIN) am CIVIL ACTIONS/ATTY FEES/INSURANCE

**CHAIRMAN KELLY** called the Senate Rules Committee meeting to order
at 8:08 a.m., and noted the presence of Senators Leman, Duncan and

Senate Rules                    -2 -                    April 15, 1997

Exhibit    3
Page  2  of  4

01365

Kelly.

**CHAIRMAN KELLY** brought HB 58 before the committee and directed attention to a draft SCS CSSSHB 58(RLS) version "Z." He noted that Representative Porter worked on the draft committee substitute, and over the past several days has been in contact with many of players involved, both those that support tort reform and those that oppose tort reform. He then requested that testimony be limited to the differences between the Senate Finance Committee version and the Senate Rules Committee version.

Number 040

**REPRESENTATIVE PORTER** related that discussions have been going on with representatives from the Executive Branch in trying to reach, at least as much as possible, a consensus on this legislation. While a consensus has not been reached yet, he thinks the Rules SCS represents many of the things that were tentatively agreed upon within that process and in the major items is as close as he thinks they can get.

Number 075

**CHAIRMAN KELLY** asked Representative Porter to explain the differences between the previous day's draft, version "X" and the draft before the committee, version "Z."

**REPRESENTATIVE PORTER** directed attention to Section 9 on page 5, which relates to noneconomic damages. He explained that on line 31, within the specific definitions of injuries that could result in a higher level of noneconomic damage recovery, the words "or totally deaf" have been added.

**REPRESENTATIVE PORTER** presented the following comparison of sections in the Finance version and the Senate version.

Section 1 provides the legislative intent of the bill. The Finance version added a provision which makes it unequivocal the fact that it is not the intent of this bill to have any effect on existing litigation; specifically, it does not have any effect on the Exxon Valdez case nor any other federal maritime action now or in the future. Many provisions of the bill, both in the Finance version and in the Rules version, are verbatim from the Governor's Task Force.

Section 2 is identical in the Finance version and the Rules version, and it is a conforming amendment so as to not amend the Banking Code.

Section 3, relating to certain property actions to be brought in six years, is identical in both versions and is verbatim from the report of the Governor's Task Force. It removes the existing six-

Senate Rules                          - 3 -                      April 15, 1997

Exhibit _____3_____
Page _3_ of _4_

01366

year statute of limitations for recovery of, or damages to, personal property, and reduces it to 2 years in Section 7.

Section 4, relating to contract actions to be brought in three years, is identical in both versions and is verbatim from the report of the Governor's Task Force. It adds a new section which imposes a three-year statute of limitations on contract actions, thereby reducing it from the existing six-year statute of limitations.

Section 5 is the statute of repose. It has been altered slightly from the Finance version to take into consideration additional coverage or protection for children. On page 4, line 14, whereas as an exception to the statute of repose the facts would give notice of a potential cause of action of a minor are not discoverable in the exercise of reasonable care by the minor or the minor's parent or guardian. The Rules version changes the statute of repose from 8 years, as provided in the Finance version, to 10 years.

Section 6 is identical in the Finance version and the Senate version, and is the standard two-year statute of limitations

Section 7 is a conforming amendment.

Section 8, relating to disabilities of minority and incompetency, gives the other half of the protection for children, and it basically provides that the two-year statute of limitations is tolled completely during the period of a child's life from 0 to 8, which, in effect, provides the opportunity for a child or their parent or guardian to file a suit for any instance that occurs and isn't discovered up until the child is 10 years of age.

Section 9 relates to noneconomic damages. Both versions put a finite cap on noneconomic damages. The Finance version caps noneconomic damages at $300,000 per occurrence, and the Rules version changes that figure to $500,000, or the $10,000 per year of life expectancy, which, in a long period of years, would even exceed $500,000. In the Rules version, for severe injuries the cap would be $1.5 million or $30,000 per year of life expectancy.

Section 10 relates to punitive damages. The language that defines the court procedures and the elements that are necessary to find punitive damage and then the items that the jury should consider when determining the level of punitive damages are verbatim out of the task force report. Representative Porter noted that they stayed with the process of the Finance version for the exception to this cap, making a firm cap rather than a variable cap like the task force recommended. In the Rules version, the caps are raised very substantially to the greater of four times compensatory damages or $3,000,000. As in previous versions of the bill, 50 percent of the award of punitive damages goes to the state.

Senate Rules                    - 4 -                    April 15, 1997

Exhibit 3    01367
Page 4 of 4