*match to work draft 0-LS0056/Z 4-14-97*

To: Senator Tim Kelly

Fm: Representative Brian Porter,
by Jim Sourant

April 13, 1997

Re: Side by side analysis of HB 58: Senate Finance version v. Senate Rules version.

The Senate Finance Committee version will be referred to as the "Finance version", and the Senate Rules Committee version will be called "Rules version".

Section 1. Legislative intent. The Finance version is as stated. The Rules version moves the bill's nonapplicability to the Exxon Valdez case language from the beginning of the intent section to the end of the intent section.

Sections 2-4. Identical and noncontroversial.

Section 5. Statute of Repose. A statute of repose prevents causes of action from being brought a certain number of years after the conduct has occurred, since it is almost impossible to defend against claims when so many years have gone by that documents have been destroyed, witnesses have moved, and memories have faded. The Finance version makes it a tough 8 years, while the Rules version gives a significant concession by allowing 10 years.
  The Rules version adds a new exclusion to the operation of the statute of repose: "if the facts that would give notice of a potential cause of action are not discoverable in the exercise of reasonable care by the minor or the minor's parent or guardian". This should quell fears that the bill is unfair to minors.

Sections 6-7. Identical and noncontroversial.

Section 8. Minority statute of limitations. Both versions make a change to the tolling provisions of the minority statute of limitations. The Finance version only tolls it for injuries or death occurring during a child's first six years of

Exhibit 5
Page ___1___ of _2_ Pages

life. The Rules version tolls it only for injuries (not death) occurring during a child's first eight years of life, thereby giving an extra two years to bring an action for birth injuries. It makes no sense to toll the statute of limitations in the case of death.

Section 9. Noneconomic damages. Both versions put a finite cap on noneconomic damages. The Finance version caps noneconomic damages at $300,000 per occurrence, and, in the case of severe injuries, $500,000 per occurrence. The Rules version raises the cap for noneconomic damages to $$500,000 per occurrence, and, for severe injuries, $1,500,000 per occurrence.

In addition to the substantial increase in amounts available for noneconomic damages, the Rules version also allows potentially higher caps where the injured person is very young, and has a longer life expectancy. For the lower cap, the Rules version allows the greater of $10,000 multiplied times the life expectancy of the injured person in years or $$500,000. For the upper cap, the Rules version allows the greater of $30,000 multiplied by the life expectancy of the injured person in years or $1,500,000.

The Rules version has also broadened the higher cap to include claims for "loss of, or loss of functional use of, one or more limbs", as well as for total deafness.

Section 10/11. Punitive damages. Both versions include reckless conduct as a basis for punitive damages, using about the same language found in Senator Sean Parnell's amendment. Both versions provide that 50% of punitive damage recoveries go to the State.

The Finance version puts its caps provisions in Section 11. There, caps for punitives, including punitives for unlawful employment practices, is set at the greater of three times compensatory damages or $300,000. Where there has been "Ford pinto" type of conduct, the caps are raised to the greater of four times compensatory damages or $600,000.

The Rules version punitive caps appear in Section 11. The language is mostly taken from the Governor's Task Force recommendation and HB 60, but slightly modified. Here the punitives damage caps are set significantly higher than in the Finance version. It is the greater of three times compensatory damages or $500,000. The same "ford pinto" language found in the Finance version is used here, but the caps are raised very substantially to the greater of four times compensatory damages or $3,000,000.

The Rules version has added new caps on punitive damages in the area of unlawful employment practice. The caps vary on a sliding scale from a low of $50,000 if the employer has less than 15 employees, to a high of $500,000 if the employer has 500 or more employees in this state.

Sections 12, 13, 14, 15, and 16 of the Finance version have been deleted in the Rules version. Reducing judgments by the amount of income taxes that would have been paid; periodic payments; and collateral benefits have been

Exhibit 5
Page 2 of 2 Pages