FILED

APR 2 6 2002

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


RECEIVED

APR 2 9 2002

ROBERTSON, MONAGLE
& EASTAUGH
ANCHORAGE

| | |
|---|---|
| JACKLYN BOBBY SMITH, individually and on behalf of the ESTATE OF LAWRENCE A. SMITH, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CESSNA AIRCRAFT COMPANY,<br><br>Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>AIRCRAFT BELTS INC.,<br>AERO STAR INTERIORS, and DOE I,<br><br>Third-Party Defendants. | CASE NO. A00-333 CV (JWS)<br><br>**ORDER FROM CHAMBERS**<br><br>[Re:  Motion at Docket 86] |

### I. MOTION PRESENTED

At docket 86, plaintiffs moved to establish a rule of law discussed below. Defendant Cessna Aircraft Company ("Cessna") and third-party defendants Aircraft Belts, Inc. ("ABI") and Aero-Star Interiors ("Aero-Star") opposed plaintiffs' motion. Oral argument was not requested. The court issued a preliminary order on January 3, 2002, at docket 104 which included a request for supplemental briefing. Extensive supplemental briefing was subsequently filed and has been considered.

Exhibit ____7____
page __1__ of __5__ pages

167

## II. BACKGROUND

This is a negligent design and products liability case arising out of an airplane crash. Lawrence A. Smith was killed on June 5, 1999, when he was unable to exit the plane he was flying after it crashed while landing on a lake near Soldotna, Alaska. He drowned. Smith's Estate and survivors filed suit. The Estate seeks non-economic damages for pre-death pain and suffering. Smith's survivors, his wife and two children, seek non-economic damages for loss of consortium. Under Alaska law, non-economic damages are capped at $400,000. AS 09.17.070 provides:

> (a) In an action to recover damages for personal injury or wrongful death, all damage claims for noneconomic losses shall be limited to compensation for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other nonpecuniary damage.
>
> (b) Except as provided under (c) of this section, the damages awarded by a court or a jury under (a) of this section for all claims, including a loss of consortium claim, arising out of a single injury or death may not exceed $400,000 or the injured person's life expectancy multiplied by $8,000, whichever is greater.
>
> (c) In an action for personal injury, the damages awarded by a court or jury that are described under (b) of this section may not exceed $1,000,000 or the person's life expectancy in years multiplied by $25,000, whichever is greater, when the damages are awarded for severe permanent physical impairment or severe disfigurement.
>
> (d) Multiple injuries sustained by one person as a result of a single incident shall be treated as a single injury for purposes of this section.[1]

The issue presented by plaintiffs' motion is whether the limit or "cap" on claims for noneconomic losses applies to all claims (an aggregate cap) or whether the cap applies separately to each individual claimant (individual cap). An aggregate cap would limit plaintiffs' total combined noneconomic damages recovery to $400,000. Individual caps

---

[1] See AS 09.17.010.

would permit each claimant to seek a recovery of noneconomic damages of up to $400,000. Plaintiffs ask the court for a ruling that the statute applies individual caps.

### III. DISCUSSION

There is no precedent from the Alaska Supreme Court interpreting the statutory provision at issue. This court has previously declined to certify the question to the Alaska Supreme Court, because that court accepts only questions whose answers are cause determinative.[2] That is not the situation here, although it is obvious that an answer to the question may make settlement more likely. Thus, this court must predict how the Alaska Supreme Court would resolve the question.[3] To do so, this court applies Alaska rules of statutory construction.

The Alaska Supreme Court has rejected strict application of the "plain meaning" rule.[4] Instead, when interpreting statutory language, Alaska courts "look to the meaning of the language, the legislative history, and the purpose of the statute in question."[5] Alaska courts apply a sliding scale analysis to evaluating statutory language with legislative history. "The plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be."[6] Nevertheless, it is also true that the starting point for analysis is the language of the statute construed in light of its purpose.[7]

---

[2] Alaska Rule of Appellate Procedure 407(a). Order at docket 101.

[3] See *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

[4] See *Muller v. BP Exploration (Alaska) Inc.*, 923 P.2d 783, 787 (Alaska 1996).

[5] *Id.*

[6] *Id.* at 788.

[7] See *Curran v. Progressive Northwestern Ins. Co.*, 29 P.3d 829, 831 (Alaska 2001).

-3-

Exhibit 7
page 3 of 5 pages

Defendants argue that AS 09.17.010 is clear and unambiguous on its face. Subsection (b) of that section says in relevant part, "the damages awarded by a court or a jury under (a) of this section for all claims, including a loss of consortium claim, arising out of a single injury or death may not exceed $400,000 or the injured person's life expectancy multiplied by $8,000, whichever is greater."[8] In its preliminary order, the court indicated that the language was ambiguous because "All claims" could be interpreted as meaning "all claims in the aggregate" or "all claims filed in the suit," or "all claims" could mean "all claims of a person" or "all claims of each plaintiff."

The preliminary analysis is flawed. To find an ambiguity, the court imported language not found in the statute. The statute merely says "all claims," a term which in isolation is clear enough and in context is clearer still. Focusing on the words actually used in the statute drives the reader in the other direction, for the "all claims" are those which arise from "a single death."[9] While subsection (b) must be read together with the other subsections of section .010, the court does not find anything in the other sections which lends significant weight to a different interpretation. In short, if the statute is ambiguous, it is not very ambiguous. Finding the meaning of the statute to be fairly plain on its face, those who would interpret the statute to mean something other than what it seems to say are obligated to come forward with convincing evidence of a contrary legislative intent.[10]

They have not done so in this case, and cannot. This court agrees with the analysis of legislative intent set out in sections I and II of "ABI's Supplemental Briefing: Noneconomic Damages "Cap" Issue" at docket 123. That analysis convincingly shows that the cap in the law as it was eventually enacted was meant to be an aggregate cap.

---

[8] See AS 09.17.010(b).

[9] Id.

[10] See Muller, 923 P.2d at 788.

-4-

Exhibit 7
page 4 of 5 pages

In its preliminary order the court also suggested there might be some sort of equal protection concern if the statute imposed an aggregate cap. That concern has no merit. The court adopts the analysis in section III of ABI's memorandum at docket 123 to explain why there is no equal protection problem inherent in an aggregate cap.

## IV. CONCLUSION

For the reasons above, plaintiffs' motion at docket 86 is **DENIED**. This court concludes that the limitation ("cap") in AS 09.17.010 on noneconomic damages is an aggregate cap, not an individual cap.

DATED at Anchorage, Alaska, this 25th day of April 2002.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A00-0333--CV (JWS)
----------------------------------------
L. BARKER (ROBERTSON)
J. PLETCHER III (PLETCHER)
T. PETUMENOS (BIRCH)

M. GILBLE (RICHMOND)
H. WAVE (GUESS)

Exhibit 7
page 5 of 5 pages