Donna J. McCready
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, WA  98337
Telephone:  (360) 782-4300
Facsimile:  (360) 782-4358
E-mail:  dmccready@frwlaw.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on behalf of the Estate of TODD ALLEN, and on behalf of the Minor Child, PRESLEY GRACE ALLEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 3:04-CV-0131-JKS<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING COMPENSATION** |

**I.　INTRODUCTION**

This case was tried to the Court starting on June 25, 2007 with closing arguments on liability and causation conducted on July 3.  This Court issued its Findings of Fact, Conclusions of Law and Preliminary Decision and Order on August 28, 2007 ["Court's

PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING COMPENSATION
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 1 of 5

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington  98337
Phone:  (360) 782-4300
Facsimile:  (360) 782-4358

Decision," Docket No. 116]. The issue remaining is the determination of the amount of the Allens' non-economic damages. [Docket No. 116 at 2].[1] The Court scheduled oral argument on the issue of damages on August 30, 2008 and that hearing was vacated due to counsel for the Government suffering an injury. This Court thereafter ordered briefing. Mrs. Allen filed her opening brief on September 14, 2007 and the Government filed its opening brief on September 17, 2007. Supplemental briefing was initially due September 21, 2007. The parties stipulated to extending those deadlines in pleadings filed on September 17, 2007 [Docket No. 124], September 25, 2007 [Docket No. 128], and October 3, 2007 [Docket No. 130] to explore whether or not they could finally settle the case. The parties have been unable to settle this case.[2]

After reviewing the Government's brief and considering the likelihood of an appeal[3] were this Court to exercise its inherent discretion to order the Government to compensate Mr. Allen's estate and Mrs. Allen for Mr. Allen's survival claim and for Mrs. Allen's claim for negligent infliction of emotional distress in addition to the maximum non-economic losses allowed under Alaska law for the wrongful death of Mr. Allen, Mrs. Allen has elected to waive

---

[1] The parties stipulated that the economic losses to Mrs. Allen and Presley Grace Allen are $1,126,467.50. [Docket No. 91]

[2] The Department of Justice will not agree to allow Mrs. Allen to structure settlement funds using a structured settlement specialist of her choice and will not agree to allow her to control the investment of structured funds. In addition, the Department of Justice will not approve of a settlement unless and until the Federal District Court and the State court approves of the settlement.

PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING COMPENSATION
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 2 of 5

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

1  her arguments to this Court that more than one damages cap applies and respectfully requests

2  this Court to order the Government to compensate Kim and Presley Allen in the amount of

3  $1,526,467.50[4] plus costs.[5]

## II. MRS. ALLEN ASKS THIS COURT TO ORDER THE GOVERNMENT TO COMPENSATE HER AND PRESLEY ALLEN THE MAXIMUM AMOUNT IN NON-ECONOMIC LOSSES ALLOWED UNDER ALASKA LAW

Mrs. Allen incorporates in this supplemental brief all arguments made in her Plaintiff's Brief Regarding Compensation at 2-4, 13 [Docket No. 123] regarding the appropriate compensation on the wrongful death claim. As argued previously, the Allens non-economic losses related to the wrongful death of Todd Allen far exceed $400,000, however, those losses are limited by AS 09.17.010. There is nothing in the United States' brief that would argue against ordering the Government to compensate the Allens the maximum non-economic losses allowed under Alaska law. As the Government acknowledges in its brief, "Mrs. Allen testified at trial about the emotional distress she has experienced over the years due to the loss of her husband and its effect on her family life." Government's Brief at 13. [Docket No. 125]. The record in this case supports an award of non-economic losses in the amount of $400,000.

---

[3] And the possibility that this Court could certify the issue of whether or not more than one damages cap applies to the Alaska Supreme Court. *See* Alaska Appellate Rule 407(a).

[4] This figure is comprised of the economic losses stipulated to by the government, $1,126,467.50, plus the maximum non-economic losses allowed by statute for the wrongful death of Todd Allen, $400,000.

PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING COMPENSATION
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 3 of 5

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

### III. ALLOCATION OF COMPENSATORY DAMAGES

Mrs. Allen incorporates in this supplemental brief her discussion of the allocation of the economic losses and the non-economic losses attributable to the wrongful death claim in her Plaintiff's Brief Regarding Compensation at 12-13 [Docket No. 123]. Mrs. Allen notes that the Alaska Superior Court will need to approve of any allocation and disbursement of funds in this matter pursuant to Alaska Civil Rule 90.2.

### IV. FEES, COSTS AND INTEREST

As stated in Mrs. Allen's opening brief, the award of prejudgment interest and attorneys' fees are disallowed in Federal Tort Claims Act ("FTCA") cases.

### V. CONCLUSION

Mrs. Allen requests that the Government be ordered to compensate her and her daughter general damages for the wrongful death of Mr. Allen to the extent permitted under AS 9.17.010 ($400,000), in addition to the $1,126,467.50 in economic losses stipulated to by the Government. In addition, Mrs. Allen will be making an application for costs. Such funds should be paid at the direction of Mrs. Allen, as personal representative of her husband's estate.

---

[5] Counsel for Mrs. Allen alerted the Government to Mrs. Allen's decision that she would be waiving her claim that more than one damages cap applied in the case by voice-mail on Friday, October 5, and Monday, October 8, and by e-mail on October 8.

PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING COMPENSATION
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 4 of 5

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
Phone: (360) 782-4300
Facsimile: (360) 782-4358

Prejudgment interest and attorneys' fees are disallowed by statute and Ninth Circuit precedent. Approval of the allocation and disbursement of funds paid by the Government will be obtained from the Alaska Superior Court pursuant to Alaska Civil Rule 90.2.

FRIEDMAN RUBIN & WHITE
Counsel for Plaintiffs

DATED: October 9, 2007       By: /s/ Donna J. McCready

1126 Highland Avenue
Bremerton, Washington 98337
Telephone: (360) 782-4300
Facsimile: (360) 782-4358
E-mail: dmccready@frwlaw.us
Alaska Bar No. 9101003

**CERTIFICATE OF SERVICE**

I certify that on the 9 October 2007, a copy of the Plaintiff's Brief Regarding Compensation was served electronically on:

Gary M. Guarino
Assistant U.S. Attorney
Office of the U. S. Attorney
222 W. 7th Ave., #9
Anchorage, AK  99513-7567

/s/ Donna J. McCready
W:\Allen v. USA\PLED\Supplemental Damages Brief (071009).doc

PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING COMPENSATION
*Allen v. USA,* Case No. 3:04-CV-0131-JKS
Page 5 of 5

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington  98337
Phone:  (360) 782-4300
Facsimile:  (360) 782-4358