

RECEIVED
NOV 29 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on behalf of the Estate of TODD ALLEN, and on behalf of the Minor Child, PRESLEY GRACE ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:04-CV-00131-JKS<br><br>Supplemental Findings of Fact, Conclusions of Law, and Decision |

### INTRODUCTION

Plaintiff, Kimberly Allen, sues the United States on her own behalf and on the behalf of her dependent daughter Presley Allen for the wrongful death of her husband Todd Allen, and as the representative of his estate for his damages in connection with his death. She also sues on her own behalf for negligent infliction of emotional injury. Jurisdiction is pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, and 2671.

The case was tried to the Court sitting without a jury. Trial began on Monday, June 25, 2007, and ended on Tuesday, July 3, 2007. This Court found Defendant liable, issuing its Findings of Fact, Conclusions of Law and Preliminary Decision and Order on August 28, 2007. Docket No.

116. As parties had stipulated to the amount of economic damages,[1] oral argument was scheduled on the only remaining issue–the determination of the amount of Plaintiffs' non-economic damages. Due to scheduling conflicts, oral argument was vacated and the parties were ordered to submit written briefs. Docket No. 119. The Court has received and considered the briefs of the parties. *See* Docket Nos. 123 (Pls. Br.); 125 (Gov't Br.); 133 (Pls. Sup. Br.); 136 (Gov't Resp.). This Decision, together with the Court's Preliminary Decision at Docket No. 116, constitutes the findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.

After a careful review of the briefs, and the record, including a full transcript of the evidence introduced at trial and of the arguments of counsel, the Court has resolved the issue of damages as follows: The Court, pursuant to the stipulation of the parties, finds that the economic damages suffered by Mrs. Allen and her daughter Presley are $1,126,467.50. In light of Mrs. Allen's concession,[2] the Court finds that the damage cap imposed by AS 09.17.010(b) governs the non-economic damages for Plaintiffs' wrongful death, survival, and negligent infliction of emotional distress claims. The Court finds that the loss of consortium claims of Mrs. Allen and her daughter Presley, coupled with the other non-economic wrongful death losses allowed under AS 09.17.010(a) and AS 09.55.580(c), substantially exceed the $400,000 cap imposed by AS 09.17.010(b). As the non-economic losses under the wrongful death claim alone exceed the statutory cap, which is presumed to be an aggregate cap, the Court believes the survival and negligent infliction of emotional distress claims are moot. The Court thus does not decide either of these issues. With regard to allocation, the Court concludes that *Horsford v. Estate of Horsford*, 561 P.2d 722 (Alaska 1977), is at least persuasive in this case, and that the formula stated therein should be used to

---

[1] The parties have stipulated that economic losses to Mrs. Allen and her daughter Presley are $1,126,467.50. Docket No. 91.

[2] Mrs. Allen initially argued that three separate non-economic damage caps applied, one for each of the claims. Docket No. 123 at 2. However, in order to limit issues on appeal and hopefully speed the ultimate resolution of this case, she elected to waive her argument that more than one cap applied to non-economic damages and agreed to a single award of $400,000. Docket No. 133 at 2-3.

Decision

allocate both the economic and non-economic damages between Mrs. Allen and her daughter Presley.

## DISCUSSION

1. Wrongful Death Damages

Under Alaska's wrongful death statute, damages consist of the "damages the court or jury may consider fair and just." AS 09.55.580(a). The damages are limited to those "which are the natural and proximate consequence of the negligent or wrongful act or omission of another." AS 09.55.580(b). In deciding damages, the trier of fact must "consider all the facts and circumstances and from them fix the award at a sum which will fairly compensate for the injury resulting from the death." AS 09.55.580(c). At a minimum, the trier of fact must consider the loss of: (1) pecuniary benefits; (2) contributions for support; (3) assistance or services; (4) consortium; (5) prospective training and education; and (6) medical and funeral expenses. *Id*. Non-economic damages are "limited to compensation for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other nonpecuniary damage." AS 09.17.010(a). The damages awarded in a wrongful death case are also limited to the greater of $400,000 or the decedent's life expectancy multiplied by $8,000. AS 09.17.010((b).

Mrs. Allen initially sought non-economic damages for the wrongful death, survival, and negligent infliction of emotional distress claims. She contended that the $400,000 cap imposed by AS 09.17.101 applied to each of these claims separately, allowing potentially for an award of non-economic damages in this case of $1,200,000. However, Mrs. Allen has elected to waive the argument that three separate damage caps apply, and asks only that she and Presley be compensated in the amount of $1,526,467.50 plus costs. Docket No. 133 at 2-3. This amount consists of the economic losses stipulated to by the parties, $1,126,467.50, plus the maximum non-economic losses allowed for a wrongful death claim by AS 09.17.010. *Id*. at 3. Therefore, the maximum amount which can be awarded for non-economic losses in this case is $400,000.

The Court, having reviewed all the facts and circumstances presented by the record, finds that the Plaintiffs' non-economic losses resulting from Mr. Allen's wrongful death, including their loss of consortium, assistance and services, and prospective education and training, substantially

Decision

exceeds the $400,000 cap. Mrs. Allen's testimony at trial reveals that she and Mr. Allen should have been able to enjoy a long and blissful marriage. Mr. and Mrs. Allen dated for approximately six years prior to getting married on June 8, 2002. Docket No. 101 at 403-06. At the time of Mr. Allen's death, Mrs. Allen was pregnant with Presley, and they were settling into Valdez where they hoped to some day begin commercial fishing. *Id.* at 407-14. Had Mr. Allen lived, Mrs. Allen could have looked forward to another forty-one years with her husband, and Presley could have known her father. *See* Docket No. 101 at 307. Although a pittance given the loss of husband and father, Mrs. Allen and her daughter Presley will receive a combined total of $400,000 for the non-economic losses incurred as the natural and probable consequences of ANP Fearey's negligent failure to prescribe a CAT scan for Mr. Allen on April 19, 2003.

As the non-economic losses for wrongful death substantially exceed the statutory maximum, the Court finds that the survival and negligent infliction of emotional distress claims are moot. Accordingly, the Court does not decide either of these claims and awards damages only for the wrongful death claims.

2. Allocation of Damages

In Alaska, economic damages flowing from a wrongful death claim are normally apportioned according to the formula set out in *Horsford v. Estate of Horsford*, 561 P.2d 722, 727 (Alaska 1977). *See Clement v. Fulton*, 110 P.3d 927, 929 (Alaska 2005). Under this formula, each beneficiary shares in proportion to the actual loss suffered. *Id.* According to Dr. Shott, Mr. Allen's life expectancy at the time of his death was 40.7 years. Docket No. 101 at 307. As Mrs. Allen's life expectancy was greater than Mr. Allen's, it can be assumed that she would have remained his dependent for his entire life expectancy. Presley was not yet born at the time of her father's death, so her dependency can be assumed to last eighteen years when she will reach the age of majority. Under the *Horsford* analysis, Mrs. Allen's share would be calculated as 40.7 years divided by 58.7 years, or 69.34% of losses after costs and fees are paid. Presley Allen's share would be calculated as 18 years divided by 58.7 years, or 30.66% of losses after costs and fees are paid. The Court finds this to be a fair and equitable allocation of damages for both the economic and non-economic damages.

Decision

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2004\A04-0131.014.wpd    4

## CONCLUSION

After reviewing the evidence and the law, this Court is convinced that the non-economic losses incurred by Mrs. Allen and her daughter Presley substantially exceed the $400,000 cap which applies in this case. Judgment will therefore be entered for Plaintiffs on their wrongful death claims, in the amount of $1,526,467.50 plus costs, of which, $1,126,467.50 is for economic losses as stipulated by the parties, and $400,000 is for non-economic losses. Although the Court believes the *Horsford* formula provides an equitable allocation of the damages in this case, such an allocation must be approved by the Superior Court for the State of Alaska. *See* D. Alaska L.R. 68.3; Alaska R. Civ. Proc. 90.2(b) and (d). Any discussion of structured settlement is better taken up in the Superior Court at that time.

Dated this 29 day of November 2007.

REDACTED SIGNATURE

JAMES K. SINGLETON, JR.
United States District Judge