NELSON P. COHEN
United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIMBERLY ALLEN, Personal Representative of the Estate of TODD ALLEN, Individually, on Behalf of the Estate of TODD ALLEN, and On Behalf of the Minor Child, PRESLEY GRACE ALLEN<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:04-cv-0131-JKS<br><br>**UNITED STATES' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

   In accordance with 28 U.S.C. § 1920, Fed.R.Civ.P. 54 and Alaska Local

Rule 54.1, Defendant United States objects to Plaintiff's Bill of Costs as

follows:

### I. Fees Of The Court Reporter For Depositions

1. Tim W. Scheffel, M.D.  04/12/05 Deposition

This deposition cost should not be allowed because Dr. Scheffel did not testify at trial and his deposition was not used at trial.

### II. Fees For Photocopying Are Not Itemized

The photocopying fees for Fees & Disbursements for Printing are not properly itemized or described and these costs ($2,226.65) should not be taxed to the United States as costs.   Copying costs are limited to the costs of reproducing documents obtained in discovery.   Local Rule 54.1(e)(5).  The attachments to Plaintiff's Bill of Costs do not identify the copied documents, they do not distinguish documents obtained in discovery from other documents, and they may include multiple copies of the same documents.   The fees listed under Fees & Disbursements for Printing should be denied or reduced if Plaintiff is unable to adequately itemize these fees.

### III. Photocopying Deposition Transcripts

These costs of obtaining copies of transcripts for Plaintiff's counsel's use are not recoverable under Local Rule 54.1(e)(2) or (3).  The invoices attached to Plaintiff's Bill of Costs (Doc. Nos. 19-24) indicate that these deposition transcripts were copied for Plaintiff's counsel.  These costs ($1,982.90) should not be awarded against Defendant.

### IV. Trial Witness Costs Should Not Exceed the Anchorage Per Diem

The maximum per diem rate for Anchorage during May 1, 2007 through September 15, 2007, is $278.00, which includes meals ($78), lodging ($181), and incidentals ($19). Plaintiff's Bill of Costs seeks to charge the full per diem rate of $278.00 for witnesses Frank Mannix, M.D. and Susan Shott, M.D. as well as an additional "Incidental Rate" of $57.00 ($19/day x 3) and $38.00 ($19/day x 2) respectively. These additional incidental charges of $57.00 and $38.00 should be stricken from the Bill of Costs because they exceed the maximum per diem rate for Anchorage.

RESPECTFULLY SUBMITTED on December 11, 2007, in Anchorage, Alaska.

Nelson P. Cohen
United States Attorney

s/Gary M. Guarino
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2007, a copy of the foregoing **UNITED STATES' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** was served electronically on Donna McCready.

s/ Gary M. Guarino

Allen v. USA
Case No. 3:04-cv-0131-JKS            3